## Bonnell, Appellant, *v.* Philadelphia.

*Public officers—Treasurer of the city of Philadelphia—County officers —Stenographers—Act of March 5, 1906, P. L. 83—Civil service act.*

The appointment of a stenographer by the treasurer of the city of Philadelphia is not governed by the civil service Act of March 5, 1906, P. L. 83, inasmuch as the treasurer, by whatever name he may be called, is a county officer whose employees are county employees who are not subject to the provisions of the civil service act, which by its terms applies only to employees of cities of the first class.

Argued Oct. 5, 1911. Appeal, No. 46, Oct. T., 1911, by plaintiff, from decree of C. P. No. 5, Phila. Co., June T., 1910, No. 2,300, dismissing bill in equity in suit of Henry H. Bonnell v. City of Philadelphia, Murrell Dobbins, City Treasurer et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for an injunction. Before RALSTON, J. The opinion of the Superior Court states the case.

*Error assigned* was in dismissing the bill.

*A. G. Dickson,* with him *T. Henry Walnut* and *Chas. C. Binney,* for appellant.—The department of city treasurer of the city of Philadelphia is a municipal department, although it is presided over by a county officer: Philadelphia v. McMichael, 208 Pa. 297; Wheeler v. Phila., 77 Pa. 338.

The appointment of employees in the department of city treasurer of the city of Philadelphia is governed by the civil service Act of March 5, 1906, P. L. 83.

*T. D. Finletter,* with him *Murdoch Kendrick* and *James Alcorn,* city solicitor, for appellees.—The treasurer's office is a county office: Com. v. Oellers, 140 Pa. 457; Com. v. Taggart, 102 Pa. 354.

OPINION BY ORLADY, J., March 1, 1912:

The question involved in this case is practically, Is the Philadelphia county treasurer's stenographer a city employee or a county employee?

It must be conceded that "the office designated as city treasurer is a county, and not a city office. The treasurer, by whatever name he may be called, is a county officer, exercising his functions over the entire territory of the city of Philadelphia, which is coextensive with that of the county, just as the sheriff, recorder of deeds, and other county officers exercise their functions over the same territory." This was decided by the Supreme Court after full consideration in Taggart v. Com., 102 Pa. 354; Com. v. Oellers, 140 Pa. 457.

It is not necessary to trace the changes and grade of the office through the years prior to the adoption of our constitution of 1874, as that instrument declared that the office of treasurer along with others named in art. XIV, sec. 1, should be county officers, and this fundamental law cannot be changed by an enactment of the legislature.

The bill in this cases alleges that Miss Whitehouse, one of the defendants, was appointed a stenographer by Murrell Dobbins, the county treasurer, in disregard of the Act of March 5, 1906, P. L. 83, entitled, "An act to regulate and improve the civil service of the cities of the first class," etc., because she had not been certified to the appointing officer by the civil service commission as eligible for appointment to the position to which she was appointed, and prayed for an injunction to restrain the county treasurer from retaining her in service, etc.

The case was heard on bill and answer, the court being of opinion that the character of a department of municipal government should be determined by the class to which the head of that department belongs, and that the department of city treasurer is a county department or office, the employees therein are county, and not city employees, whose employment is subject to the provisions of the civil service act.

Murrell Dobbins is the duly elected and acting city treasurer (and by whatever name he may be called), is a constitutional county officer: Com. v. Oellers, 140 Pa. 457. It is not the office created by the consolidation Act of February 2, 1854, P. L. 21, but by the constitution of 1874. While the definitions of the term office, as given by text writers and the courts, are not in entire harmony we may adopt for the purposes of this case, the ones that have stood the test of many years, and frequent adjudication by our courts of last resort. Offices, are a right to exercise public or private employment and to take the fees and emoluments thereunto belonging, 2 Bl. Com. 36; 3 Kent's Com. 454; 4 Jacobs Law Dic., and one who performs the duties of an office is an officer: MARSHALL, C. J., in 2 Brock. 102. A public office is an agency for the state, and the person whose duty is to perform that agency is a public officer.

Whether designated as deputies, assistants, clerks or by whatever departmental or subsidiary name they may be called, they derive their authority to act in that department from the chief or head officer, and the quality or character of his office is imparted to them. Miss Whitehouse cannot be both a county and city employee, and she was clearly employed by and is in the employ of the county officer, who is liable for her misconduct or negligence in the scope of her employment.

Such an officer is also responsible for failing to exercise proper and reasonable care in the choice of his subordinates, or for not properly superintending them in the discharge of their allotted duties: 23 Am. & Eng. Ency. of Law (2d ed.), 382; 9 Am. & Eng. Ency. of Law (2d ed.), 390.

The appointment complained of was not in violation of the act of 1906, and the decree is affirmed.