## Potter County *versus* Oswayo Township.

*County, when responsible to township for defaulting county treasurer.*

Where township taxes assessed upon unseated lands, and collected by the county treasurer, are not paid over by him, the county is responsible to the township for his default.

ERROR to the Common Pleas of *Potter county*.

This was an action of *assumpsit* brought, June 5th 1862, by the township of Oswayo against the county of Potter.

The main facts of the case were these :—

Eli Rees was duly elected treasurer of Potter county, and as such collected the taxes assessed upon unseated lands for township purposes. By the Act of 27th April 1846, the county auditors were required to settle the accounts of the treasurer of said county with the townships, and their report was entered of record against him. After the expiration of his term the township of Oswayo, in favour of which a balance had been found due by the auditors, instead of proceeding to collect such balance from the treasurer upon the judgment which had been regularly entered in favour of said township, upon the report of the auditors, brought this suit against the county of Potter to collect from the county the amount so found due from the treasurer.

The defendants requested the court to charge the jury :—

1. That the Act of 1846, authorizing and directing the auditors to state and settle the account between the treasurer and the several townships, and giving to such settlement, when filed in the office of the prothonotary, the effect of a judgment, gives to the townships a remedy for the recovery of the sums due to them, separates it from the treasurer's account of county funds, and relieves the county from responsibility therefor.

2. That the county is liable to the townships for moneys collected by the treasurer in the following cases only, viz. :—

1st. When the moneys so collected are audited and charged in the treasurer's account as a part of the county funds.

2d. Where there has been a neglect on the part of the county officers to have the account audited at all; and

3d. When, having taken insufficient bail, the remedy upon the bond proves fruitless.

The court below (WHITE, P. J.) charged as follows :—

" Eli Rees was treasurer of the county of Potter, for the year 1860, and during that year received in his official capacity certain taxes on unseated lands, situate in the township of Oswayo, which had been assessed by the township officers, and returned to the commissioners of the county for collection. A portion of the taxes thus received he paid to the township authorities, and this suit is brought to recover the residue.

[Potter County *v.* Oswayo Township.]

"Mr. Rees's account with Oswayo township was settled by the county auditors, and their report thereon filed in the office of the prothonotary of Potter county, on the 5th of February 1861. This shows a balance due the township, in his hands, at that time of $183.54.

"The accountant is charged as follows:—

| | |
|---|---:|
| Road-tax for 1858 . . . . . . . | $36.51 |
| "        "    1859 . . . . . . . | 288.20 |
| Extra   "    "    . . . . . . . | 73.15 |
| Seated, unseated collected . . . . . . | 5.00 |
| | $502.86 |

And credited as follows:—

| | |
|---|---:|
| Paid township—commissioners' orders cancelled . . | $309.66 |
| Commission on $193.20 . . . . . . | 9.66 |
| Due township . . . . . . . . | 183.54 |
| | $502.86 |

"On behalf of the defendants it is denied that the county is liable to the township for the treasurer's default. This raises the only question not disposed of in this case. On the argument no adjudicated case was produced which fully meets this question, and it may therefore be regarded as a new one. The County of Lycoming *v.* J. H. Huling, cited by plaintiffs' counsel, involved a question analogous to this, but somewhat different. In that case, Huling had been treasurer of Lycoming county, and on settlement of his account with the county, a balance was found due from him to the county. He paid a portion of it to his successor, and suit was brought on his official bond to recover what remained unpaid. His defence was, that this was made up of road-taxes assessed and paid on unseated lands. The court below held this to be a good defence, and the Supreme Court held that it was not. I regard as applicable to this case now under consideration the reasoning of the Supreme Court in their opinion reversing the judgment in the case of Lycoming County *v.* Huling. I read from a manuscript copy of that opinion:—

"'The unseated lands of the Commonwealth, like all other property in the respective townships, must bear their due proportion of the expense of opening and repairing the public roads. But the taxes for that purpose can only be assessed upon the lands, and are not a personal charge upon the owners. The payment of them can be enforced in no other way than by a proceeding against the lands. Though the supervisors are charged with the duty of expending the money, they have no power to collect it. It is payable by the owners into the county treasury, and if not

[Potter County *v.* Oswayo Township.]

paid voluntarily, it is the duty of the county officers to sell the lands—in the same manner as for county and state taxes. While it is in the treasury it is, to all intents and purposes, a county fund, differing from other county funds only in this—that it must be applied to a special object. If it should be lost by the failure of the treasurer and his sureties, or by any other cause, the county would be liable for it to the township. The treasurer had the custody of it in his official character as treasurer. He had no right to put it into his private pocket, and settle with the supervisors on his individual responsibility. It is paid out in orders by the commissioners. The orders are presentable and payable at the treasury, and not at the private counter of an ex-treasurer. The money to meet them must therefore remain in the treasury; and it was the clear, plain duty of the treasurer when he went out of office, not to carry this money away with him, but to pay it over to his successor. This is made his duty not only by the nature of his office and the character of the fund, but by the literal words of his bond, which says that he shall account for all moneys which may come into his hands in pursuance of said office, and pay all that belongs to the county. To say that it cannot be recovered on the bond to the county, is saying that it need not be paid at all, for the township have no bond for it, nor anything else on which they can sustain a suit.'

" I regard these cases as analogous, so far as the application of legal principles and rules is concerned. Huling was held liable on the ground that the township taxes, which he had received, and which were charged in his account with the county, were paid to him in his official capacity as treasurer; and when thus paid, constituted county funds then in the custody of the county treasury, for the safe-keeping and payment of which to the townships the county was liable. The liability of the county to the townships is the basis of the right to recovery by the county against Huling on his official bond; and if this right is well founded, there can be no doubt of the right of the plaintiffs to recover in this case. The fact that these taxes were not included as a charge against Rees in his general account with the county of Potter, is no answer to this argument. If they were county funds when paid, and were in the county treasury, it was the duty of the county auditors to charge them in Rees's account with the county, and their omission to do so does not discharge the liability of the county. If it does, then the townships have no security for the payment of their taxes on unseated lands. They have no mode of compelling payment, except through the action of the county commissioners or treasurer, and when paid to the treasurer they are remediless in case of his insolvency, as they have no bond from him with sureties to which they can resort.

[Potter County *v.* Oswayo Township.]

The Act of 17th April 1846, making it the duty of the auditors of Potter county annually, at the time of settling the accounts of the treasurer with the county and the Commonwealth, to settle also his accounts with the townships, and to make report to the Court of Common Pleas of said county of any balance due from him to them, or any of them; and providing that such report shall be entered of record, and have the same effect and validity as a judgment in favour of said townships against him; was designed to afford additional security, and to give an additional legal remedy for the collection of balances due the townships—a remedy which they could use more readily than their remedy against the county, provided the treasurer had property subject to execution. But this remedy gives no additional security or guaranty of payment in the case of an insolvent treasurer, and the act does not release, either expressly or by implication, any right which the townships had, prior to its passage, to compel payment by the county.

"We are asked by the defendants' counsel to charge you—

"'That the county is liable to the townships for moneys collected by the treasurer, in the following cases only:—

"'1. Where the moneys so collected are audited, and charged to the treasurer as a part of the county fund.

"'2. Where there has been a neglect on the part of the county officers to have the account audited at all.

"'3. Where, having taken insufficient bail, the remedy on the bond proves fruitless.'

"The point contains an implied concession that, in these several cases mentioned, the county would be liable; and affirms that in all the cases the county would not be liable.

"The case now trying is not embraced in these three cases in which the liability of the county is conceded, and the court are therefore asked to charge you that the county of Potter is not liable to the township of Oswayo for road-taxes on unseated lands in said township paid to Eli Rees, county treasurer, as shown by the report of his account with the township made by the county auditors, and filed in the prothonotary's office of said county on the 5th of February 1861. The court refuse to charge you, holding that upon the facts given in evidence the plaintiff is entitled to recover the amount due from said Eli Rees to the plaintiff, as shown by the said auditor's report, with interest thereon from the 5th of February 1861."

There was a verdict accordingly; whereupon the defendant sued out this writ, assigning the ruling of the court as above for error.

*J. S. Mann* and *H. W. Williams*, for plaintiffs in error.

[Potter County *v.* Oswayo Township.]

*A. G. Olmstead,* for defendant in error.

Per CURIAM.—The only questions argued in the paper-books of the plaintiffs in error, were so well disposed of in the charge of the learned judge below, that we deem any further discussion unnecessary, and affirm the judgment for the reasons therein contained.

Judgment affirmed.

AGNEW, J., was absent at Nisi Prius when this case was argued.