The County of Schuylkill *v.* Thomas Pepper, Treasurer of the County of Schuylkill.

*Public officers— County officers — Treasurers —Fees —Compensation— Commissions on license fees.*

Salaried county officers can appropriate to their own use no fees for the performance of any duty cast upon them by law.

Under article 14, section 5, of the constitution of 1874, and the Act of March 31, 1876, P. L. 13, the treasurer of a county is not entitled to retain commissions for services rendered by him to boroughs and townships in collecting their shares of the liquor license. Such commissions belong to the county.

Argued Feb. 17, 1897. Appeal, No. 513, Jan. T., 1896, by defendant, from judgment of C. P. Schuylkill Co., July T., 1895, No. 548, on case stated. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and DEAN, JJ. Affirmed.

Case stated to determine the right of a county treasurer to certain commissions.

The facts are stated in the opinion of the Supreme Court.

The court below in an opinion by PERSHING, P. J., entered judgment for the plaintiff for $1,425.98. Defendant appealed.

*Error assigned* was entry of judgment as above.

*Wm. A. Marr* and *John G. Johnson,* for appellant.—In Philadelphia v. Martin, 125 Pa. 583, it was held that a county treasurer, in acting for the commonwealth for the collection of its revenues and accounting for the same performs distinct and separate duties imposed upon him by law, and in such services he does not act in his capacity as a county officer, but as agent or employee of the commonwealth.

*J. O. Ulrich*, with him *C. E. Berger*, county solicitor, for appellee, cited Goodyear v. Brown, 155 Pa. 514; Pierie v. Phila., 139 Pa. 578; Com. v. Mann, 168 Pa. 290; Potter County v. Oswayo Twp., 47 Pa. 164.

OPINION BY MR. JUSTICE DEAN, July 15, 1897:

Thomas Pepper, defendant, was the duly qualified county treasurer of Schuylkill county for the year 1891. The county auditors who settled his accounts for that year found a balance due from him to the county of $1,868.73. This balance was made up of the following items:

| | |
|---|---:|
| Boroughs' and townships' share of liquor licenses, | $1,293.40 |
| Commissions on county's share of liquor licenses, | 132.58 |
| 25 cents on each of 700 liquor licenses, | 175.00 |
| 25 cents on 1071 mercantile, billiard, etc., licenses, | 267.75 |
| Total . . . . | $1,868.73 |

The defendant appealed from this settlement to the court of common pleas. On hearing, the court struck off the last two charges against him, reducing the balance to $1,425.98, for which amount, with interest from December 31, 1892, judgment was entered. From that judgment the treasurer appeals to this court.

It will be noticed the judgment now stands for commissions on that part of the liquor licenses paid to the boroughs and townships, and on that part retained by the county under act of June 9, 1891, which directs that: " In cities, the sum of one hundred dollars, in boroughs and townships, one-fifth of the amount of the license, shall be paid to the treasurers of the respective counties, for the use of the counties, and the balance shall be paid to the respective boroughs and townships for their respective use."

The treasurer claims that the commissions retained by him were for services rendered the different boroughs and townships which were in no way connected with his official duty to the county, and therefore, the court erred in finding these commissions should be paid to Schuylkill county.

The treasurer is a county officer of a county having more

than 150,000 inhabitants. Under the act of 1876, his salary was fixed at $4,000, and this by act of 1895, was increased to $5,000. So that he comes within the plain provisions of article 14, sec. 5, of the constitution of 1874, which declares : "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive into the treasury of the county or state, as may be directed by law. In counties containing over 150,000 inhabitants, all county officers shall be paid by salary."

As we have several times decided, the intent of this provision is so manifest there is no room for mistake or doubt. The old fee system had become intolerable. It held out a constant temptation to extortion upon the public by the officers, therefore, as far as it was practicable to do so, the constitution enjoined its abolition. In those large counties where the wrong was most grievous, the evil, under this command, must be remedied immediately, and with the growth of population, it was supposed that in a comparatively few years many more of the counties of the commonwealth would come under its wholesome provisions. The act of 1876 was, as itself declares, passed to carry this constitutional provision into effect. It enacts that in all counties containing over one hundred and fifty thousand inhabitants, all legal fees received by the county officers shall belong to the county, except taxes and fees levied for the state, and prohibits every county officer from receiving for his own use, or for any use or purpose whatever, except for the use of the proper county or for the state, any fees for any official services whatsoever.

The constitutional mandate and the legislative enactment are so plain that there is no room for construction. Salaried county officers can appropriate to their own use no fees for the performance of any duty cast upon them by law. We so decided in Pierie v. Phila., 139 Pa. 573 ; McCleary v. Allegheny Co., 163 Pa. 578 ; Com. v. Mann, 168 Pa. 298, and in other cases. As we have more than once noticed, the case of Phila. v. Martin, 125 Pa. 583, has no bearing on the question before us. That case is authority for the point decided, which was that under the facts the services were rendered the state, and in that particular he was the agent and officer of the state. That case was heard before the late Judge ALLISON, who filed an exhaustive opinion,

and the judgment was affirmed per curiam by this court. Some of his remarks, in discussing the issue, would tend to sustain the position of appellant here, but these were not necessary to a decision of the point before him, and were not intended to be adopted by this court. The judgment in that case rests solely on these reasons : That the officer acted by authority of an act of assembly as the agent or officer of the state, although not designated by law as a state official. The case was cited and relied on by the officers in all the cases which have come before us since ; it has never been recognized as an authority for any other issue than that raised by the particular facts of it. Now, again, this appeal is founded upon it ; and we again decide it has no bearing on the issue. The state may, by law, appoint any county officer its agent for the transaction of its business, and as such state officer or agent he may be entitled to fees for such services ; but, for the performance of any and every duty as a county officer, the fees must be paid into the county treasury. The plain letter of the law and public policy demand that the commissions retained by the treasurer out of the boroughs', townships' and counties' portion of liquor licenses should be turned into the county treasury, because he received them as a county officer. As to the nature of his duties, and his relation to the county by virtue of his office, that question was directly ruled in Potter County v. Oswayo Twp., 47 Pa. 162. There the county treasurer, as is authorized by law, received the township's taxes on unseated lands in the township, and went out of office without paying over the money. The township, on the assumption he was a county officer in receiving its money, sued the county directly for the amount claimed. The county defended on the ground that in receiving these particular taxes he acted for the township, and was not, as to this money, a county officer, for whose default the county was answerable. It was held he had received the money in his official capacity as county treasurer, and the county must make good his default. That decision has never been questioned. Under it, if in the case before us, the county treasurer had made default in payment of these liquor licenses to the townships or boroughs, the county would have been held liable for his default, on the ground that in receiving them he was a county officer.

As to the twenty-five cents fee received on each license, and stricken off by the court below, the county has taken no appeal, and we express no opinion on that question.

The judgment is affirmed.