# Weaver *v.* Schuylkill County.

*Statutes—Repeal of statutes—General and special laws.*

Statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities ; but they do. so, when it appears to have been the purpose of the legislature. If both the general and the special acts can stand, they will be construed accordingly. If one must give way, it will depend upon the supposed intention of the lawmaker, to be collected from the entire course of legislation, whether the charter is superseded by the general statute, or whether the special charter provisions apply to the municipality,. in exclusion of the general enactments.

*Statutes — Repeal — Policemen — Constable — Compensation — Acts of April* 4, 1831, *P. L.* 439, *sec.* 25, *and July* 14, 1897, *P. L.* 266.

The Act of July 14, 1897, P. L. 266, which forbids any policeman to charge or accept any fee or other compensation in addition to his salary, repeals the 25th section of the Act of April 4, 1831, P. L. 439, which pro-

vides that policemen in the borough of Pottsville shall receive the same fees as the constables of the said borough are entitled to by law.

*Constitutional law—Local legislation—Act of July* 14, 1897.

The Act of July 14, 1897, P. L. 266, relating to the compensation of policemen does not offend against the constitutional prohibition providing that the general assembly shall not pass any local or special law regulating the fees or extending the powers and duties of constables.

Argued Dec. 7, 1900. Appeal, No. 191, Oct. T., 1900, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1898, No. 93, on case stated in case of George F. Weaver v. Schuylkill County. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine whether plaintiff was entitled to certain fees.

The material portions of the case stated were as follows :

1. That George F. Weaver, the above named plaintiff, was duly appointed a policeman by the town council of the borough of Pottsville on the first Monday of March, 1897 and was duly qualified and sworn and entered upon the performance of his duties as such policeman ; his term of office to be three years.

2. That by the Act of April 4, 1831, P. L. 439, section 25, it is provided : "That the said council (town council of the borough of Pottsville) shall, whenever the same may appear to them necessary, appoint a sufficient number of persons as police officers, to keep the peace of the borough, who, during the time of their appointment, shall be vested with the same authority and entitled to the same privileges, emoluments and fees as the constables of the said borough are, or shall hereafter be invested with, or be entitled to by law."

3. That by virtue of said appointment as policeman of the borough of Pottsville, he did on March 17, 1898, arrest one, Richard Brennan, on a warrant issued to him by Horace B. McCool, a justice of the peace in and for the borough of Pottsville, at the instance of the commonwealth of Pennsylvania, on the charge of common nuisance, for which service, he is entitled to receive under the fee bill of the commonwealth of Pennsylvania the sum of $3.76.

4. That the said Richard Brennan was tried in the court of quarter sessions of the county of Schuylkill on May 6, 1898,

on the charge of common nuisance, a verdict of guilty rendered the same day, whereupon the said court of quarter sessions did sentence the said Richard Brennan to pay the costs and undergo an imprisonment in the Schuylkill county prison for a period of ten days, and was on May 6, 1898, committed to said prison, pursuant to said sentence, and has since been discharged therefrom.

5. That the said plaintiff made demand upon the said county of Schuylkill for the fees due him for serving the warrant and making the arrest, to wit: the sum of $3.76, and that payment thereof has been refused by the county of Schuylkill; the said county of Schuylkill alleging that under the act of assembly approved July 14, 1897, P. L. 266, the said plaintiff is not entitled to any fees or compensation for the services rendered, as herein before stated.

*Error assigned* was the judgment of the court in favor of the defendant.

*E. P. Leuschner*, for appellant.

*C. A. Snyder*, for appellee, filed no printed brief.

OPINION BY ORLADY, J., July 25, 1901:

By the 25th section of the Act of April 4, 1831, P. L. 439, it is provided that the council of the borough of Pottsville shall " appoint a sufficient number of persons as police officers . . . . who, during the time of their appointment, shall be vested with the same authority, and entitled to the same privileges, emoluments, and fees as the constables of the said borough are, or shall hereafter be invested with or be entitled to by law." The plaintiff was a duly appointed acting policeman of the borough, and as such an officer, arrested by virtue of a legal warrant a person who was subsequently tried and convicted in the court of quarter sessions of the county. For this service he made demand for the fees to which a constable would be entitled for similar services but was refused payment by the defendant.

The Act of July 14, 1897, P. L. 266, provides that " all municipalities and corporations employing policemen shall pay to all such policemen a fixed or stipulated salary; and that it

shall not be lawful for any such policeman to charge or accept any fee or other compensation in addition to his salary for any service rendered or performed by him of any kind or nature whatsoever pertaining to his office as a policeman, except public rewards and the legal mileage allowed for traveling expenses." The 2d section prohibits any high, ward, township, or other constable, who is at the same time employed as a policeman from charging or accepting any fee or other compensation in addition to the salary paid to him as a policeman for any service rendered or performed by him either as a policeman or as a constable, etc. The 4th section repeals all acts or parts of acts inconsistent with its provisions.

The plaintiff was a policeman and as such was entitled to be paid. The office of constable is entirely different from that of policeman. The term, duties, and liabilities of a constable are fixed by the acts of assembly; a policeman is a minor municipal officer and the duration of his term, compensation, and duties are defined and limited by the appointing power. The general sweeping provisions of the act of 1897, repealing all inconsistent acts, were intended to prevent the exaction of double compensation for services rendered, and were a substitute for the act of 1831 so far as relate to Schuylkill county. If the mandate of the new statute be obeyed there is nothing for the old to operate on. There is no ambiguity or doubt in regard to it, and the plaintiff policeman was to be compensated as such for his services by a stipulated salary: Commonwealth v. Allegheny County, 168 Pa. 303.

As stated by Dillon on Municipal Corporations, section 87, " It is a principle of very extensive operation, that statutes of a general nature do not repeal by implication charters and special acts passed for the benefit of particular municipalities; but they do so, when it appears to have been the purpose of the legislature. If both the general and the special acts can stand they will be construed accordingly. If one must give way, it will depend upon the supposed intention of the lawmaker, to be collected from the entire course of legislation, whether the charter is superseded by the general statute, or whether the special charter provisions apply to the municipality, in exclusion of the general enactments:" McCleary v. Allegheny County, 163 Pa. 578; Allegheny County v. Grier, 179 Pa. 639; Schuylkill County v. Pepper, 182 Pa. 13.

The abuse of demanding in the name of the law double compensation for single service, and the clear legislative intent to supersede the charter provisions with the more reasonable ones of the act of 1897, so as to prevent abuse of process, makes it clear that the latter act repealed the former, and this is emphasized by the repealing clause in the 4th section.

The act of 1897 does not offend against the constitutional prohibition providing that the general assembly shall not pass any local or special law . . . . regulating the fees or extending the powers and duties of constables.    It is not necessary to cite further than Atty. Gen. ex rel. v. Mohr, Mayor, recently decided by the supreme court.

This plaintiff is not a constable direct or a deputy.   The act refers to all constables in the commonwealth and prohibits them from demanding or receiving fees for services rendered as constable as well as a salary as policeman.

The assignments of error are overruled, and the judgment is affirmed.