# Bachman's Appeal.

*Appeals—Question not considered in court below.*

1. Questions not raised in the court below, and waived on argument, will not be passed upon by the appellate court.

*Public officers—County treasurer — Compensation — Salary or commissions—Fees—Constitution, section 5, article XIV—Counties over 15,000 in population—Act of March 31, 1876, P. L. 13.*

2. The provision of the Constitution which requires county officers who are compensated by salaries, to pay all "fees" into the treasury of the county or state, includes all sums collected in an official capacity, whether they be designated as "fees" or "commissions."

3. Where the Commonwealth has not designated a county officer as its agent to collect license fees at a compensation deemed to be just, and an act of assembly directs him to perform a service in his official and not individual capacity, the fees which he receives are payable to the county, if the office of such county officer is salaried.

4. This rule applies under various acts of assembly to fees paid for licenses to hunters, merchants, billiard and pool rooms, places of amusement and eating houses, liquor dealers, for collection of tax on personal property and municipal loans, and to fees paid to prothonotaries under the act of Congress relating to naturalization.

5. Westmoreland County v. Miller, 265 Pa. 394, is overruled in so far as it gives color to the claim that a salaried county treasurer may retain commissions on collections for the Commonwealth ex-

cept where the statute names him as its agent, and awards to him pay for services performed.

Argued April 20, 1922. Appeal, No. 12, Jan. T., 1923, by William S. Bachman, County Treasurer, from order of C. P. Berks Co., Feb. T., 1921, No. 58, discharging rule to show cause why surcharge against County Treasurer should not be stricken off in the report of the County Controller. Before Frazer, Walling, Simpson, Sadler and Schaffer, JJ. Affirmed.

Rule to strike off surcharge of county treasurer. Before Endlich, P. J.

The opinion of the Supreme Court states the facts.
Rule discharged. The county treasurer appealed.

*Error assigned,* inter alia, was order, quoting it.

*Joseph R. Dickinson,* for appellant.—On the face of the report, the items of surcharge are for such fees as belong to appellant in his individual capacity, in which the county has no interest: Westmoreland Co. v. Miller, 265 Pa. 394.

*Adam B. Rieser,* County Solicitor, for appellee, cited: Schuylkill Co. v. Wiest, 257 Pa. 425; Luzerne Co. v. Kirkendall, 209 Pa. 116; Mumma v. Co. Com'rs, 30 Pa. Dist. R. 73.

Opinion by Mr. Justice Sadler, May 25, 1922:
In the year 1920, William S. Bachman was treasurer of the County of Berks, which has a population in excess of 150,000, and issued licenses for hunters, merchants, brokers and others, collecting the fees fixed by the various acts of assembly. From the sums received, he deducted certain commissions, designated in the statutes to be hereafter referred to, and claimed the right to hold the same for his individual use.

The financial affairs of a county such as this are managed by a controller, who is given the power to audit and settle accounts, as are county auditors, under the Act of April 15, 1834, P. L. 545, sections 47 and 48. A duty is imposed upon him to file a report of the county affairs in January of each year, with the right to appeal by parties aggrieved, as permitted by the earlier legislation. In the present instance, the controller surcharged Bachman with the sum of $2,506.80, the amount of fees and commissions retained by him as compensation for services rendered in issuing licenses. The report was duly filed in January of 1921 and advertised, but no personal notice of an intention to adjust the treasurer's claims was given him prior to that time. He did not discover that an adverse finding had been made until the statutory period of sixty days allowed for appeal had elapsed; thereupon, he presented his petition asking that the action of the controller be set aside. After hearing, the application was refused.

We need not discuss whether actual notice of an intention to audit the accounts of the treasurer was required to be given to him, before passing upon the questions involved, or whether the present application to strike off the surcharge should have been in the form of a request for leave to appeal nunc pro tunc (Zeigler's Petition, 207 Pa. 131); these objections were not raised in the court below, and were expressly waived on the argument before us. The merits of the claim were considered, and it is the conclusion reached which we are requested to review. Here, the sole matter presented for consideration concerns the right of the treasurer to retain for his own use the fees and commissions which he collected.

Section 5, article XIV, of the Constitution, provides that, "The compensation of the county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or state, as may be directed by law. In counties containing over

one hundred and fifty thousand inhabitants all county officers shall be paid by salary." And it has been judicially declared that this requirement includes all sums collected in an official capacity whether they be designated as "fees" or "commissions": Luzerne County v. Morgan, 263 Pa. 458; Schuylkill County v. Pepper, 182 Pa. 13.

To enforce this constitutional obligation, the Act of March 31, 1876, P. L. 13, in both sections 1 and 15, directed that all such sums received should be paid to the respective counties, "and none of said officers shall receive for his own use......any fees for any official services whatsoever." And "the salaries fixed and provided shall be in lieu of all or any moneys, fees, perquisites or mileage which are now or may hereafter be received by any officer named......and shall in all cases belong to the county, and shall be paid into the treasury." It is by reason of this statutory direction that the right of the present appellant to retain the funds here involved is denied.

It is undoubtedly true that the legislature may provide for the appointment of an individual as agent of the Commonwealth to collect license fees, *allow him just compensation, and name as such person a county officer* (Luzerne County v. Morgan, 263 Pa. 458), or an official of a municipality: Knisely v. Cotterel, 196 Pa. 615. An illustration is found in the statutes directing the register of wills to act for the State in collecting collateral inheritance tax, and be allowed compensation for the services performed: Luzerne County v. Morgan, supra; Phila. County v. Sheehan, 263 Pa. 449. Prior to the Act of May 6, 1887, P. L. 79, as amended by the Act of May 14, 1891, P. L. 59, he could not retain such commissions: Allegheny County v. Stengel, 213 Pa. 493. Where, however, no such designation has been expressly made, and the act of assembly directs the performance of the service by the county officer in his official and not individual capacity, the fees which he receives are payable to the

county, where its population brings it within the terms of the act referred to.

It therefore becomes necessary to consider the wording of the various statutes, by virtue of which the claims are made in the present case. An enumeration of all of them will show it is by reason of the holding of the office that the treasurer is named as collector, and the commission is made payable because of his position; under such circumstances, the sums received cannot be retained by him. Fees for the issuing of hunters' licenses were provided by the Act of April 17, 1913, P. L. 85. No appointment is made of the local official as special representative of the Commonwealth, and, therefore, the compensation allowed is payable to the county: Schuylkill County v. Wiest, 257 Pa. 425. The same is true in the case of collections based upon mercantile licenses under the terms of the Act of May 2, 1899, and the earlier acts of April 15, 1834, P. L. 544, section 42, and April 7, 1830, P. L. 391, section 9: Luzerne County v. Kirkendall, 209 Pa. 116. Nor is there any difference in the statutes providing for commissions upon sums received for billiard and pool-room licenses (Act May 25, 1907, P. L. 244), brokers' licenses (Act May 7, 1907, P. L. 175, section 10), amusement places (Act May 20, 1913, P. L. 229, section 14), or eating houses. Act April 25, 1907, P. L. 117, section 2. A like interpretation has been made of the legislation dealing with liquor licenses (Schuylkill County v. Shoener, 205 Pa. 592; Pittsburgh v. Anderson, 194 Pa. 172), with collections of tax on personal property and municipal loans (Phila. v. McMichael, 208 Pa. 297, explaining Phila. v. Martin, 125 Pa. 583), and of an act of Congress regulating payment of fees in naturalization cases to the prothonotary: Schuylkill County v. Reese, 249 Pa. 281.

The proper enforcement of the constitutional provision and the Act of 1876 has been a matter of great difficulty. County officers have insisted on many occasions upon the right to retain the commissions received by

them for their personal use, basing this contention on Phila. v. Martin, 125 Pa. 583,—distinguished and explained in numerous later cases (see Schuylkill County v. Pepper, supra),—but the rule is now well established that the treasurer is to be limited in compensation to his salary, unless he has been expressly designated as agent for the Commonwealth in the collection of license fees, and is given, by statute, the compensation provided for, in his individual capacity. Renewed misunderstanding has been caused by the ruling of this court in Westmoreland County v. Miller, 265 Pa. 394, where a claim was allowed. There, the judgment of the court below was approved on the authority of Com. v. Sheehan, supra, and Luzerne County v. Morgan, supra, both of which decisions dealt solely with sums retained from collateral inheritance tax collections, where, as already noted, the officer is expressly named as agent. Evidently, there was some misapprehension in this court as to the facts involved, and, as a result, an affirmance was had in a per curiam opinion. Without discussing the record as made up in that case, or attempting to distinguish it, it is now overruled, so far as it gives color to the claim that the county treasurer may retain commissions on collections for the Commonwealth, except where the statute names him as its agent, and awards to him pay for services performed. The conclusion reached by the learned court below in the present case was correct.

The assignments of error are overruled, and the decree is affirmed at the costs of appellant.