## Lehigh County, Appellant, *v.* Sefing.

*Public officers—Compensation—Register of wills—State fees for collecting inheritance tax—Act of July 11, 1923, P. L. 1054.*

1. Under the Act of July 11, 1923, P. L. 1054, the register of wills is entitled to retain for his own use the fees allowed by the state for the collection of inheritance taxes.

2. The fact that the Act of 1923 provides that the salary therein fixed shall be "in lieu of all moneys, fees and perquisites," does not change the rule laid down in construing the earlier acts on the subject.

3. It will be presumed that the legislature was aware of the construction placed on the earlier acts, and, if it had intended to make a change, it would have worded the later act accordingly.

Argued February 1, 1927. Before Moschzisker, C. J., Frazer, Walling, Kephart and Schaffer, JJ.

Appeal, No. 54, Jan. T., 1927, by plaintiff, from order of C. P. Lehigh Co., Jan. T., 1925, No. 142, sustaining exceptions to auditor's report, in case of Lehigh County ex rel. Harry M. Schoenly, County Controller v. John S. Sefing. Affirmed.

Exceptions to auditor's report.  Before RENO, P. J., and IOBST, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed.  Plaintiff appealed.

*Error assigned* was order, quoting it.

*Charles M. Bolich,* with him *James F. Henninger,* for appellant.—The register was not entitled to the fees claimed: Luzerne Co. v. Morgan, 263 Pa. 458; Com. v. Mann, 168 Pa. 290.

*R. J. Butz,* of *Butz & Rupp,* for appellee, cited: Schuylkill Co. v. Pepper, 182 Pa. 13; Com. v. Curry, 285 Pa. 289.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

The auditor appointed to examine the accounts of the register of wills of Lehigh County, surcharged the latter with the amount of commissions paid him by the Commonwealth in return for services for collecting inheritance taxes.  Exceptions filed to the report of the auditor were sustained by the court of common pleas, holding that the commissions in question belonged to the register and were properly retained by that officer.  From this decision the county appealed, contending the compensation of the register of wills was limited to his salary, which, by section 12 of the Act of July 11, 1923, P. L. 1054, was "in lieu of all or any moneys, fees, perquisites, or mileage, expenses, and other allowances which are now or may hereafter be received by or allowed to any such officer; and all said moneys, fees, mileage, or perquisites, received by any of them as compensation, fees, or perquisites, from any source whatsoever, shall, in all cases, belong to the county, and shall be paid into the county treasury."

The Act of May 6, 1887, P. L. 79, as amended May 14, 1891, P. L. 59, provides that 'the registers of wills in

this Commonwealth shall be the agents of the Commonwealth for the collection of the collateral inheritance taxes," and the Act of June 20, 1919, P. L. 521, section 21, contains a similar provision.  We have held that commissions paid by the State for the performance of duties under these acts were properly retained by the collector notwithstanding as a county officer he received compensation on a salary basis for his services, therefore, within the constitutional and statutory provisions requiring salaried county officers to pay into the county treasury all fees received by them in connection with their office: Phila. v. Martin, 125 Pa. 583; Luzerne Co. v. Morgan, 263 Pa. 458; Westmoreland Co. v. Miller, 265 Pa. 394; Bachman's App., 274 Pa. 420.  These decisions are based on the state's power to appoint its agent to collect its income from taxes and other sources, and whether such agent may also at the same time hold a county office is immaterial, so long as the two offices are not incompatible and there exists no statute or rule of law forbidding their being held by one and the same person.  In such case the agent, in collecting revenues for the Commonwealth, performs a distinct and separate duty as agent for the Commonwealth and does not act in his capacity as a county officer.  Of course, the Commonwealth might also impose on the county officer, as such, the additional duty of collecting revenue from the State, in which case fees incident to the performance of the duty would pass to the county treasury along with other fees received by the officer in his official capacity. Consequently, only in cases where the statute expressly designates the officer as the Commonwealth's agent and awards to him pay for his services as such can such commissions be retained by him: Bachman's App., 274 Pa. 420, 425.

The county claims, however, that the Act of 1923, referred to above, in providing that the salary therein fixed shall be "in lieu of all moneys, fees and perquisites" allowed such officer, changes the rule applied in the

cases above cited. The sole difference between the wording of this act and the earlier Act of March 31, 1876, P. L. 13, is that the latter used merely the word "fees" instead of reciting "fees, commissions, and emoluments" as set forth in the former legislation. There is no substantial difference in meaning inasmuch as the words used in either act refer to the compensation allowed the officer for the performance of the duties of his office and this would be sufficiently covered by the word "fees" alone: Schuylkill Co. v. Pepper, 182 Pa. 13. It must be presumed the legislature was aware of the construction placed on the earlier acts by this and other courts and had it been the legislative intent by the Act of 1923 to take from the county officer fees earned by him in collecting money as agent for the Commonwealth the insertion of a provision to that effect in the act referred to would have been a very simple matter and have eliminated all doubt as to what was intended. Having failed to do this, we cannot, by judicial construction, insert in the statute something the legislature saw fit to omit therefrom.

The judgment is affirmed at appellant's costs.