# York County *v.* Fry, Appellant.

*Constitutional law—Division of counties into classes—Act of July 10, 1919, P. L. 887.*

1. The Act of July 10, 1919, P. L. 887, dividing counties into classes, is constitutional.

*Constitutional law—Compensation of county treasurers—Public officers—County treasurer agent of Commonwealth—Acts of May 10, 1921, P. L. 432; May 11, 1921, P. L. 522; May 16, 1921, P. L. 559, and April. 12, 1923, P. L. 62 — Hunting, dog and fishing licenses.*

2. The Act of April 12, 1923, P. L. 62, fixing the compensation of county treasurers, is constitutional, and does not violate section 5, article XIV, of the Constitution.

3. The provision of section 5, article XIV, of the Constitution, does not prevent a county officer from retaining, for his own use, fees, commissions, etc., received by him for services rendered as agent of the Commonwealth; but the right of such retention accrues only where the agency was created by express designation.

4. A county treasurer is entitled to retain the fees received by him for granting hunters' licenses, inasmuch as the Act of May 10, 1921, P. L. 432, expressly appoints him agent of the Commonwealth for their collection, and authorizes him to retain ten cents from the amount received for each license.

5. Under the Act of May 11, 1921, P. L. 522, a county treasurer cannot retain any part of the fees paid for dog licenses, inasmuch as the act does not designate him agent of the Commonwealth for collecting them. The fact that the secretary of agriculture may, under the act, call upon county treasurers to assist him in the enforcement of the statute falls far short of such designation.

6. Although the Act of May 16, 1921, P. L. 559, provides that "a county treasurer may collect for his own use, for services rendered under the act, the sum of ten cents to be paid by the applicant" for a fishing license, the treasurer may not retain such amount, inasmuch as the act fails to appoint him agent of the Commonwealth for collecting such fees.

Argued May 16, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

.Appeals, Nos. 37 and 38, Jan. T., 1927, by defendant, from judgments of C. P. York Co., April T., 1925, No. 152, and April T., 1926, No. 174, for plaintiff, on cases stated, in suits of York County v. Arthur G. Fry, County Treasurer. Affirmed.

Cases stated to determine right to retain fees. Before ,NILES, P. J.

Judgments for plaintiff. Defendant appealed.

*Errors assigned* were judgments, quoting record.

*Robert C. Fluhrer,* with him *George S. Love,* for appellant.—This case is ruled by Bachman's App., 274 Pa. 420.

The legislature is not prohibited by the Constitution from appointing a county officer as its agent for the collection of revenue due directly to it and providing for compensation to be retained by him for his services as such agent: Kerlin v. Bull, 1 Dall., 175; Kellerman's Est., 242 Pa. 3; Luzerne Co. v. Morgan, 263 Pa. 458; Schuylkill Co. v. Gruhler, 82 Pa. Superior Ct. 392.

*Walter B. Hays,* County Solicitor, for appellee, cited: Com. v. Wert, 282 Pa. 575; Bachman's App., 274 Pa. 420; Schuylkill Co. v. Wiest, 257 Pa. 425.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

Under the Act of July 10, 1919, P. L. 887, York County is one of the fifth class, of which the defendant has been the treasurer since the first Monday in January, 1924. These appeals, involving the same questions and treated as one, are founded on cases stated to determine the ownership of fees received by the defendant for services rendered by him in matters concerning the Commonwealth. As such treasurer, under the Act of April 12, 1923, P. L. 62, he receives an annual salary of $5,000. Section 6 of the act also provides that: "The salaries

fixed and provided by this act shall be in lieu of all or any moneys, fees, perquisites, mileage, expenses, and other allowances which are now or may hereafter be received by or allowed to such treasurer, except commissions due or payable to the county treasurer for acting as agent of the Commonwealth, which commissions shall be payable to the county treasurers as now authorized by law. All said moneys, fees, mileage, or perquisites received by any of them as compensation, fees, or perquisites from any source whatsoever shall in all cases belong to the county and shall be paid into the county treasury (except where required to be paid by the Commonwealth) as provided in this act." This statute, and that first above referred to, dividing counties into eight classes, are constitutional and valid: Com. ex rel. v. Wert et al., 282 Pa. 575.

While section 5 of article XIV of the state Constitution provides, inter alia: "The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law." We have held, however, that this provision does not prohibit a county officer from retaining for his own use fees, commissions, etc., received by him for services rendered as agent for the Commonwealth. See Phila. v. Martin, 125 Pa. 583; Allegheny Co. v. Stengel, 213 Pa. 493; Luzerne Co. v. Morgan, 263 Pa. 458; Lehigh Co. et al. v. Sefing, 289 Pa. 33. We have also held the right of such retention accrues only where the agency was created by express designation. In the language of Mr. Justice SADLER, speaking for the court, in Bachman's App., 274 Pa. 420, 425: "The rule is now well established that the treasurer is to be limited in compensation to his salary, unless he has been expressly designated as agent for the Commonwealth in the collection of license fees, and is given, by statute, the compensation provided for, in his individual capacity." See also Lehigh Co. et al. v.

Sefing, supra. In the instant case the controller of York County failed to surcharge the defendant with fees, etc., received by him during the years of 1924, 1925, from mercantile licenses, restaurants, places of amusement, brokers and auctioneers, pool rooms, dog, fishing and hunters' licenses. On appeals therefrom the court of common pleas did make all the surcharges claimed except as to the fees defendant received for granting hunters' licenses. The latter were properly allowed him, as the Act of May 10, 1921, P. L. 432, under which hunters' licenses were granted, expressly provides that: "The county treasurers of the several counties of this Commonwealth shall be agents of the Commonwealth for the collection of said license fees, and for services rendered in collecting and paying over the same the said agents shall be allowed to retain for their own use the sum of ten cents from the amount paid by each licensee." See County of Schuylkill v. Gruhler, 82 Pa. Superior Ct. 392. Under prior legislation it was held otherwise: Schuylkill Co. v. Wiest, 257 Pa. 425. The other items of surcharge, except that for granting dog and fishing licenses were decided adversely to the treasurer in Bachman's App., supra, and require no comment.

The dog licenses here in question are under the Act of May 11, 1921, P. L. 522, section 3 of which, after authorizing county treasurers to grant dog licenses, fixing the amount thereof, etc., concludes as follows: "The applicant shall also pay an additional fee of ten cents for the services of the county treasurer in issuing, recording, and reporting said license to the secretary of agriculture and remitting fees and fines to the State treasurer." But there is no provision in the act designating the county treasurers as agents for the Commonwealth in the collection of the license fees. That the secretary of agriculture might call upon county treasurers to assist in the enforcement of the statute falls far short of such designation.

The fishing licenses here involved are under the Act of May 16, 1921, P. L. 559, section 8 of which provides: "A county treasurer may collect for his own use for services rendered under this act the sum of ten cents, to be paid by the applicant for a license." This language might seem to indicate that the treasurer was entitled to the specified fee; but he is not; for as the statute fails to expressly designate him as agent for the Commonwealth, the above quoted provision of the Constitution controls, regardless of the language of the statute. In the cases above cited where the county official was allowed to retain the fees, etc., he had been expressly designated as agent for the Commonwealth, and the theory upon which those cases rest, is that the fees, etc., which the officer is permitted to retain are received by him for services as agent for the Commonwealth and not in his official capacity as a county officer. Nevertheless, the general rule is that salaried officers can appropriate to their own use no fees for the performance of any duty cast upon them by law: Schuylkill Co. v. Pepper, 182 Pa. 13; Phila. v. McMichael, 208 Pa. 297; Schuylkill Co. v. Reese, 249 Pa. 281; Mulcrevy v. San Francisco, 231 U. S. 669.

Section 6 of the Act of April 12, 1923, as above quoted, allows the treasurer commissions for acting as agent for the Commonwealth only "as now authorized by law" and does not change or attempt to change the existing rule that the agency must be express. The instant cases are ruled by Bachman's App., supra, and require no further discussion.

The judgments are affirmed.