## McKean County v. Anderson

*Gallup, Potter & Gallup*, county solicitors, for plaintiff.
*Joseph P. Willson, Robert B. Apple* and *F. J. Woods*, for defendant.

HUBBARD, P. J., December 10, 1937—The Act of June 29, 1923, P. L. 944, sec. 1, 16 PS §2431, fixed the annual salaries of certain officers in counties of the sixth class. The recorder of deeds was one of these officers. When this act was passed, McKean County was a county of the seventh class. By reason of increase in population, as shown by the 1930 census, McKean County became a county of the sixth class.

The McKean County auditors filed their report for the year 1934 on December 24, 1935. In the part of the report entitled "County Fee Offices, in Account With McKean County During Fiscal Year 1934", the report charged A. R. Anderson, recorder, with $1,091.70, for abstracting done by him, or his deputy, and received by him as recorder of deeds, and not paid to the county treasurer, during the fiscal year 1934. An appeal to the court of common pleas was taken by the recorder, under the provisions of article IV, sec. 379, of The General County Law of May 2, 1929, P. L. 1278, 16 PS §379. Section 380 of this law authorizes the courts of common pleas to direct the form in which the issues shall be entered in such cases and provides that such issues shall be tried by a jury or submitted to reference or arbitration. On motion of the appellant, an issue was awarded in the form requested. But later counsel, having filed a stipulation waiving a jury trial and agreeing that the matter be tried by the court without a jury, agreed on the facts and submitted the case to the court in the nature of a case stated. The facts thus agreed upon were set forth in a "statement of facts", containing 18 paragraphs, of which the first 16 recited the facts agreed upon and the seventeenth and eighteenth were in effect stipulations setting forth a case stated.

This statement named the County of McKean as plaintiff and A. R. Anderson as defendant and they will be so referred to in this opinion.

The facts agreed upon are substantially as follows:

That A. R. Anderson has been recorder of deeds for McKean County since the first Monday of January, 1920; for the first twelve years his compensation was made up of fees, and since January, 1932, he has had an annual salary of $3,000, the County of McKean having become a county of the sixth class in January, 1931; that during the year 1934 defendant prepared abstracts of title for which he received compensation amounting to $879.62, in addition to $164.50 which he paid for typewriting the abstracts and $212.08 which he paid to the county for certificates (plaintiff not contending that these amounts for typewriting and certificates should be charged against defendant), and that he applied the said $879.62 to his own use and did not account to the county therefor, part of this amount having been paid to him by checks payable to him personally and part by checks to "A. R. Anderson, Recorder", but that no permanent record of the receipts of the money was kept by him; that the work of abstracting was mostly done by C. C. Choate, the duly appointed and acting deputy recorder of deeds, who did most of the work during regular office hours, but some of it after such hours, (there being nothing to show, in said statement, how much was done during office hours and how much thereafter) ; that the receipts for abstracting were divided equally between defendant and C. C. Choate; that for many years it has been the common practice of those requiring abstracts of title (meaning, doubtless, not a universal practice, but one indulged in merely by those who so desired), without solicitation by the defendant, to have abstracts prepared by defendant or C. C. Choate; that defendant never represented that he or C. C. Choate prepared abstracts as recorder of deeds, that such abstracts did not bear his certificate as recorder of deeds nor the official seal of his office, but that bound to and forming part of said abstracts were certificates of liens under his hand and official seal and the hand and official seal of Joseph R. Carvolth, prothonotary, for which McKean County

received payment; that abstracts consist of memoranda from deeds and other records in the recorder's office, showing titles to lands, and entail the examination of the various records found in the offices of the prothonotary, treasurer, register of wills and commissioners of McKean County.

In the seventeenth and eighteenth paragraphs the matter was submitted to the court as follows:

"That should the court be of the opinion that the moneys received from making said abstracts constitute part of the official income of the office of the Recorder of Deeds, as contemplated by the Act of June 29, 1923, P. L. 944, then judgment shall be entered in favor of the County of McKean and against A. R. Anderson for the sum of $879.62, with interest from December 31, 1934.

"That should the court be of the opinion that the sum of $879.62 is not part of the official income of the office or part of the fees or perquisites of the office of the Recorder of Deeds, as contemplated by the Act of June 29, 1923, P. L. 944, then judgment shall be entered in favor of A. R. Anderson and the Appeal by A. R. Anderson from the Auditors' Report shall be sustained."

Counsel clearly set forth in these stipulations that if the amount in question is a part of the official income of the defendant's office, judgment should be for plaintiff; if not part of his official income or part of the fees or perquisites of his office, judgment should be for defendant. The issue is thus concisely stated, the issue originally directed having been withdrawn on motion joined in by counsel for both parties.

The question to be decided is a new one. The diligence of the attorneys has not succeeded in finding a case *precisely* in point, neither has the court been able to find any direct authority on the problem before it. Unquestionably all moneys received by the recorder for *official* services are payable to the county, regardless of their designation, whether called fees, emoluments, allowances, commissions or perquisites.

Article XIV, sec. 5, of the Constitution of Pennsylvania provides that:

"The compensation of county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the county or State, as may be directed by law."

This section refers only to "all fees which they may be *authorized* to receive". Doubtless this means "legally authorized" as a part of their official duties, and clearly has no reference to the sums received for work the performance of which is not required by law.

Section 6 of the Act of June 29, 1923, supra, relating to sixth-class counties, section 1 of which fixed the salary of recorders of deeds, reads as follows:

"The salaries fixed and provided for by this act shall be in lieu of all moneys, fees, perquisites, mileage, expenses, and other allowances which are now or may hereafter be received or allowed to such officers, except such fees as may be received by them when acting as agents of the Commonwealth. All such moneys, fees, mileage, or perquisites shall be received and collected by such officers, shall belong to the county, and shall be paid into the county treasury, and all said officers shall be entitled to receive from the county all necessary traveling expenses incurred in the administration of their office."

Does this simply mean that the salaries shall be in lieu of all moneys, fees, perquisites, etc., received or allowed for acts which are duties of their offices, or does it refer also to moneys, etc., received by the officers mentioned for services which are requested, not *compulsory* services, but such as it may be supposed they can conveniently perform, for example, the making of abstracts, as was done by defendant and his deputy?

The making of certificates of liens, mentioned in the statement of facts, is an example of a service which is clearly a legal duty which the recorder must perform. These certificates are under the hand and official seal of

A. R. Anderson as recorder. The fees for them he must turn over to the county, and he has done so. The abstracts, on the contrary, do not bear the certificate of defendant as recorder of deeds or his official seal, and the services in preparing them do not *purport* to be official acts. Whether or not these services fall within the meaning of the words of the law, the court must determine.

A number of definitions of "perquisite" have been cited by counsel. These and numerous other definitions of this word indicate that it may be interpreted to have a large variety of meanings and for this reason are not as helpful as might be desired in determining its precise meaning in the statute before us.

We must therefore endeavor to derive such assistance as is possible by reference to decisions in which the word has been used. In Apple v. County of Crawford, 105 Pa. 300, 303, the meaning of the word "emolument" was under discussion. The following appears in the opinion:

"In Webster's Unabridged Dictionary the word 'emolument' is thus defined: 'The profit arising from office or employment; that which is received as a compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage; gain, public or private.' We think the word imports more than the word salary or fees, and because it is contained in the Constitution in addition to the word 'salary' we ought to give it the meaning which it bears in ordinary acceptation. By the definition above given it imports any perquisite, advantage, profit or gain arising from the possession of an office. The service which it compensates is official service and is compulsory."

It will be seen from this citation that the word "emolument" imports, inter alia, any *perquisite* arising from possession of an office, and the court holds that the service which the emolument compensates is an *official service and is compulsory.*

This decision comes as near as any Pennsylvania case we have discovered to being a precedent to direct us. If

the service which the word "emolument" contemplates is official and compulsory service, and if the word imports any perquisite arising from possession of an office, it follows that the service which the word "perquisite" contemplates is official and compulsory service. Were the services rendered in abstracting by defendant official and compulsory? If not, and if the logic of this decision is followed, the amounts received for the abstracts are not perquisites and need not be turned over to the county as such.

In Town of Bruce v. Dickey, 116 Ill. 527, 6 N. E. 435, it was held that a constitutional provision which, after fixing the salaries of the supreme and circuit court judges, declared that "no judge of the supreme or circuit court shall receive any other compensation, perquisite, or benefit, in any form whatsoever, nor perform any other than judicial duties to which may belong any emoluments", did not prevent a judge from practicing law, nor from receiving compensation therefor, as the prohibition related to official services, or to services required by law to be done, and not to work done by employment under a private contract.

No case has been cited nor do we find any case which holds that the word "perquisite" includes payments received for services which are not *official* or *compulsory*.

The word "fees" is oftener used in statutes than the word "perquisites". Its meaning still more clearly applies, in acts such as the one under discussion, to compensation for *official* duties.

"The provision of the Constitution which requires county officers who are compensated by salaries, to pay all 'fees' into the treasury of the county or state, includes all sums collected in an official capacity, whether they be designated as 'fees' or 'commissions':" Bachman's Appeal, 274 Pa. 420 (syllabus).

Section 302, art. III, of The General County Law, supra, is as follows:

"All county officers shall continue to charge and collect the fees, mileage, and emoluments of office for their own use, or for the use of the county, as is now or may hereafter be provided by law, and, where required by law, such fees, mileage, and emoluments shall be paid to the county treasurer as and when required."

It is clear that this section does not contemplate receipts such as are involved in this case, but only such as are provided for by law. Neither does the previously quoted act of assembly specifically, nor, in our judgment, by fair implication, direct the county officers to pay to the county such moneys, nor does the Constitution. Nor do we feel justified in reading such a meaning into these enactments. Nor is there any statute directing the recorder of deeds to make abstracts. We cannot see that such service is an official act,—a service required by law to be performed. Services not required by law cannot be classed as official duties.

The court is of the opinion that the sum of $879.62, the amount in question in this case, is not part of the official income or part of the fees or perquisites of the office of the recorder of deeds, as contemplated by the act of assembly of June 29, 1923, supra, or other enactments, and that defendant is not legally liable to McKean County for said amount or any portion thereof.

The agreed facts set forth that the practice in question had been engaged in for many years, and it is conceded that it is a generally recognized practice. It is not alleged that, in doing the abstracting, defendant or his deputy neglected the duties for which they received salaries. Counsel for plaintiff freely admit that there is absolutely no question that the recorder acted in good faith in this whole matter.

### Decree nisi

Now, December 10, 1937, the appeal of defendant is hereby sustained and the report of the auditors heretofore filed in the within matter and the judgment thereon

are set aside, costs to be paid by plaintiff, and the prothonotary is hereby directed to enter judgment in accordance herewith, unless exceptions are filed within the time limited by law.