## Romberger v. Dauphin County

*John Fox Weiss*, for plaintiff.
*Walter R. Sohn*, for defendant.

HARGEST, P. J., August 26, 1940.—This case comes before us upon a case stated. It involves the right of plaintiff, a former county treasurer, to recover compen-

sation for the collection of certain moneys as agent of the Commonwealth.

The facts briefly are that plaintiff, who held office as Treasurer of Dauphin County from the first Monday of January 1936 to the first Monday of January 1940, acted as the agent of the Commonwealth in the collection of money for the Commonwealth (the exact nature of which is not set out), and for the years 1937, 1938, and 1939 collected $13,015.68. "Due to the advice of the fiscal and administrative officers of the county" he retained for his services during all those years only the sum of $1,308.65. Plaintiff claims $1,000 compensation, being 20 percent of his salary, for each of the three years, leaving a balance of $1,691.35. Plaintiff also claims the sum of $65 for each of the four years, or a total of $260 paid for bonds required to be filed for the protection of the Commonwealth. These two amounts total $1,951.35, less a set-off of $83.05, which is not explained, leaving a total claim of $1,868.30.

Section 42 of the Act of April 15, 1834, P. L. 537, as amended by the Acts of May 13, 1925, P. L. 656, and April 27, 1927, P. L. 473, 16 PS §3071, provides in part as follows:

"County treasurers of the several counties shall be the agents of the Commonwealth for the collecting and transmitting of money for the Commonwealth. . . . Out of the commission deducted under the provisions of this section and the fees for issuing fish, hunters, and dog licenses, each county treasurer shall be entitled to retain for his own use, as compensation for the collection and transmission of money under this act and any other acts of Assembly constituting county treasurers the agents of the Commonwealth for the collection and transmission of money, a sum equal to twenty per centum of the amount of his salary for acting as county treasurer as may now or hereafter be fixed and determined by law, and in addition thereto he shall be entitled to retain the amount of

the premium or premiums on any bond or bonds which he is required to file in connection with the collection and transmission of money under this or any other act or acts of Assembly."

The salary of the Treasurer of Dauphin County is $5,000 per annum by the Act of July 2, 1895, P. L. 424, amending the Act of March 31, 1876, P. L. 13, 16 PS §2321: Stokes v. Dauphin County, 27 Dauph. 150.

Where a county official performed duties in his official capacity, including the collection of moneys for the State, he was not entitled to the fees provided for the collection of such moneys: Luzerne County v. Kirkendall, 209 Pa. 116; Bachman's Appeal, 274 Pa. 420; but where the statute imposes the duty of collection upon the officer, not by virtue of his county office but as "agent for the Commonwealth", the treasurer is entitled to the fees for such collection: Lehigh County v. Sefing, 289 Pa. 33; York County v. Fry, 290 Pa. 310.

The case stated raises the question of the constitutionality of section 42 of the Act of 1834 above referred to. This is no longer an open question. In Luzerne County v. Morgan, 263 Pa. 458, 460, the constitutionality of the act appointing registers of wills to be "the agents of the Commonwealth for the collection of collateral inheritance tax" was under consideration, and the court said (p. 460):

"If the Act of 1887, as amended, is unconstitutional, it is so only because it is legislation 'clearly, palpably, plainly' prohibited by the Constitution. Where is such prohibition of it to be found in that instrument? We have heretofore held, and now repeat, that it is not to be found. The legislature may do whatever it is not forbidden to do by the Federal or State Constitutions. . . . There are, however, no words in that instrument prohibiting the legislature from appointing, as the suitable agent of the Commonwealth for the collection of revenues due it, and paying him for his services, one who, for the time being,

may be a county officer, but who, as the agent of the Commonwealth, will render service to it alone, separate and distinct from any duty imposed upon him as a county official. Only under a misconstruction of the Constitution could this appeal be sustained."

The act in question, including the amendment making county treasurers the agents of the Commonwealth, has been on the statute books for 15 years, and many thousands of dollars have been collected under it.

The only difference between this act and the act the constitutionality of which was sustained in the case of Luzerne County v. Morgan, supra, is that the act in that case did not specifically designate the county treasurer as the agent of the Commonwealth. That change could not render this act unconstitutional.

In addition to what was said in Luzerne County v. Morgan, supra, we may say it is rather late to raise this question of constitutionality. As said in Commonwealth v. Gilligan, 195 Pa. 504, 511:

"The act has stood on the statute book, without challenge for nearly a quarter of a century, and millions of dollars of school funds have been collected and disbursed under its provisions. While these are not reasons for refusing to declare it void if in contravention of the constitution, yet they are strongly persuasive that the act is not so clearly unconstitutional as it should be shown to be to make it our duty now to set it aside. . ."

In In re Sugar Notch Borough, 192 Pa. 349, 358, it is said:

"In conclusion, it is not inappropriate to direct attention to the fact that the act of 1887 has been in operation for twelve years, has been twice previously before this Court, and has been the ground of action many times before other courts without objection to its constitutionality. It is rather late now to question it."

Under the facts of this case plaintiff was prevented from retaining the money which was legally due him by

"the advice of the fiscal and administrative officers of the county." He would also have retained the amount which he actually expended for bonds for the protection of the Commonwealth and which the statute authorized him to deduct.

The amounts due him, including the amount expended for bonds, were as follows:

| | | |
|---|---:|---:|
| From Jan. 1, 1937 | $65.00 | |
| Plus interest to Aug. 31, 1940 | 14.30 | |
| | | $79.30 |
| From Jan. 1, 1938 | $514.45 | |
| Plus interest to Aug. 31, 1940 | 82.31 | |
| | | 596.76 |
| From Jan. 1, 1939 | $637.80 | |
| Plus interest to Aug. 31, 1940 | 63.78 | |
| | | 701.58 |
| From Jan. 1, 1940 | $734.10 | |
| Plus interest to Aug. 31, 1940 | 29.36 | |
| | | 763.46 |
| Total with interest | | $2,141.10 |
| Less credit from Jan. 1, 1937 | $83.05 | |
| Interest to Aug. 31, 1940 | 18.27 | |
| | | 101.32 |
| Net amount due for which judgment must be entered | | $2,039.78 |

And now, August 26, 1940, judgment is hereby directed to be entered in favor of plaintiff, Ira P. Romberger, and against defendant, County of Dauphin, in the sum of $2,039.78.