# Harr Appeal.

Argued December 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry Shapiro,* with him *Shapiro & Shapiro,* for Harr, appellant.

*Lewis M. Stevens,* with him *Merritt N. Willits, 3rd,* and *Stradley, Ronon, Stevens & Young,* for bonding company, intervening appellant.

*Abraham Wernick,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE LINN, January 6, 1947:

This appeal involves consideration of the Act of April 8, 1937, P. L. 256, 16 P.S. 1464, providing that thereafter county treasurers in counties of the first class shall cease to be agents of the Commonwealth for

the collection of certain license taxes, license fees, etc. Section 2, 16 PS 1465, provided that "All fees and commissions heretofore retained by county treasurers in counties of the first class . . . for services performed by them, as agents of the Commonwealth in collecting taxes, fees . . . shall, after the effective date of this act, be paid into the treasuries of their respective counties at the times such treasurers are required by law to make return of such taxes, fees . . . to the Department of Revenue of the Commonwealth." Its constitutionality was sustained in *Hadley's Case,* 336 Pa. 100, 6 A.2d 874.

Luther A. Harr was treasurer of the City and County of Philadelphia from January 3, 1938, to January 5, 1942. Instead of paying all fees into the treasury, he retained $3,500 to pay the cost of the surety bond which the law required him to give as a condition of holding his office. The learned court below held that he must return this sum to the county treasury. In support of his appeal, he contends *First:* that the Act of May 13, 1925, P. L. 656, 16 P.S. 3071, amending section 42 of the Act of April 15, 1834, P. L. 537, designating county treasurers as "agents of the Commonwealth," allowed him to retain, in the words of his brief, "(a) an amount equal to 20% of his salary; (b) the amount of the bond premiums; (c) expenses of collection of monies, including compensation to necessary employes." *Second,* that the Act of 1937 modified the Act of 1925 only by withdrawing the element (a) which he had designated as "an amount equal to 20% of his salary," leaving in effect the elements (b) and (c) and therefore entitling him to withhold from the county treasury the amount which he paid to his surety.

The difficulty with that construction is that it is not consistent with the Constitution. Section 5 of Article XIV provides: "The compensation of the county officers shall be regulated by law, and all county officers who are or may be salaried shall pay all fees which they may be authorized to receive, into the treasury of the

county or State, as may be directed by law. In [Philadelphia County] all county officers shall be paid by salary . . .". As required by that provision, the legislature promptly passed the regulating Act of March 31, 1876, P. L. 13, 16 P.S. 2231, directing in section 1 that "all fees" received by county officers "shall belong to the county . . .; and none of the said officers shall receive for his own use, or for any use or purpose whatever except for the use of the proper county or for the state, as the case may be, any fees for any official services whatsoever." Section 15, 16 P.S. 2240, provided that their "salaries . . . shall be in lieu of all or any moneys, fees, perquisites, or mileage which are now or may hereafter be received by any officer named in this act; and all said moneys . . . received by any of them as compensation, fees or perquisites, from any source whatever, shall in all cases belong to the county, and shall be paid into the treasury, (except where required to be paid to the state) . . ."

It is settled by our cases that the word "fees" in the sense used in the constitutional provision and in the statute includes all that the county officers may legally receive: *Com. v. Mann,* 168 Pa. 290, 298 et seq., 31 A. 1003; *Schuylkill County v. Pepper,* 182 Pa. 13, 37 A. 835; *Bachman's Appeal,* 274 Pa. 420, 118 A. 363; *York County v. Fry,* 290 Pa. 310, 138 A. 858; *Benson v. Bradford County,* 125 Pa. Superior Ct. 209, 189 A. 577, affirmed in 326 Pa. 454, 192 A. 650. So long as county officers were authorized to act as agents for the Commonwealth, (prior to the Act of 1937) they were authorized to receive such compensation as the state might provide, but once the state agency was abolished, as it was by the Act of 1937, the right to the agent's compensation ceased, even though they performed the same work for the Commonwealth thereafter.

To adopt appellant's contention that the Act of 1937 destroyed the agency and reduced the compensation only by "the amount equal to 20% of his salary"

384

would render the Act repugnant to section 5 of Article XIV by allowing the treasurer to withhold from the county part of the fees collected by him. We may not adopt such a construction. We do not say that the legislature may not otherwise provide for the payment of the expense of conducting the county office including the cost of the official bond; the Constitution prohibits the deduction by the officer from the fees received.

Judgment affirmed.