CAPITAL HOMES, INCORPORATED, A NEW JERSEY COR-
PORATION, PETITIONER, v. C. FRED DANDROW,
BUILDING INSPECTOR, AND THE TOWNSHIP OF TEA-
NECK, RESPONDENTS.

Argued August 16, 1937—Decided September 3, 1937.

Before Justice CASE, sitting as a single justice pursuant to
the statute.

For the petitioner, *Thomas McNulty, Milton, McNulty &
Augelli* and *George I. Marcus.*

For the respondents, *Donald M. Waesche.*

CASE, J.    This is the return of a rule to show cause why
a peremptory writ of *mandamus* should not issue to compel
the building inspector of the township of Teaneck and the
township itself to issue a permit for the petitioner to erect
a five-story apartment house.    The building inspector, when
the preliminary plans were placed in his hands, gave notice
that the indicated construction, contrary to the township
building code, was not fireproof, and that a permit therefor
would not be granted.    Thereupon petitioner applied to a
board known as the township building committee for a modi-
fication of the requirements of the code.    The modification
was granted upon terms, and the petitioner, agreeing to the
terms, applied anew to the inspector who again refused the
permit.    Respondents give divers reasons why the writ should
be refused, among them certain ordinance provisions which

were not effective at the time application for the rule was made and which therefore I think ought not to be controlling. But the outstanding fact is that the building code has, since its passage in 1921, required that apartment house construction consisting of more than four stories should be fireproof and that the building as designed would violate that requirement. To comply with the code, the floor girders should be of steel. The proposal is that they be of wood, with metal lathing below. Having in mind recurring fire tragedies, it appears to me that neither the requirement nor the demand by the township that the requirement be met may judicially be termed arbitrary.

Doubts of various sorts are cast about the capacity of the building committee to act. The committee is not a subcommittee of the council, as was the case in *Burlington* v. *Dennison*, 42 *N. J. L.* 165, cited by petitioner as authority for the committee procedure. It is composed of two members of council and a third appointive person who, so far as appears, has no other connection with township affairs. The subject-matter for determination by the committee was neither ministerial nor administrative. *Foster* v. *Cape May*, 60 *N. J. L.* 78; 36 *Atl. Rep.* 1089; *Schwitzer* v. *Board*, 79 *N. J. L.* 342; 75 *Atl. Rep.* 447; *Kraft* v. *Board*, 67 *N. J. L.* 512; 51 *Atl. Rep.* 483. The authorization for variance of ordinance provisions by an outside board or committee is not of legislative origin, as is the functioning of boards of adjustment under the Zoning act. *Pamph. L.* 1928, *ch.* 274; *Supp. Comp. Stat.* 1925-1930, § *136-4200J(1). However, the respondents do not urge that the council may not authorize a committee so appointed and composed to act. It is contended that there was necessity for some formality of induction into office—the taking of an oath and the like—which was not here conformed with. It is further said that the terms of the committee memberships had expired; also that the plans, when presented for original consideration, were not duplicated and did not bear the seal of a registered architect as required by the code. These defenses appear to be grounded in fact.

The only application for permit which is printed in the book is dated June 21st, 1937, subsequent to the proceedings conducted by the building committee. The first step disclosed as having been taken by petitioner was the writing of a letter, under date of May 4th, 1937, to the township council. This letter recognized that the proposed construction would be in violation of the code provision but asked that the council "recommend the erection" of the building. Council referred the matter to the township advisory board on growth, development and general welfare for opinion and was advised by that body that not only should the existing fire-proofing requirements be retained but that the building and zoning restrictions be further stiffened. Council proceeded to introduce and pass ordinances to accomplish these recommendations. The ordinances, against which the proposed construction offends in several respects, were advanced contemporaneously with petitioner's proceedings before the building inspector and the building committee. They were passed before the suing out of the present rule, but the advertising, perfected immediately thereafter, had not then been done. The council later passed a resolution reciting that, in its opinion, the building of apartment houses according to the filed plans would be detrimental to the best interests of the township and would create both a fire and a health hazard.

The code provision, at all times effective, is clear. Doubts rest upon the powers of the building committee. The issue has a direct bearing upon the hazards of fire and upon the safety of life and limb of home-dwellers. To warrant the issuing of a writ of *mandamus,* the right of the petitioner to it must be clear and the public duty sought to be enforced must be clear and specific. The writ is never granted in a doubtful case. *Uszkay* v. *Dill,* 92 *N. J. L.* 327; 107 *Atl. Rep.* 17.

I conclude that the peremptory writ should be denied, with costs to the respondents. If the petitioner wishes to take an appeal, the pleadings may be moulded into an alternative writ and a denial of relief thereunder.