## Allegheny County, Appellant, *v.* Stengel.

*Public officers—Compensation—Register of wills—Commissions on collateral tax—Allegheny county—Acts of March 31, 1876, P. L. 13, and May 6, 1887, sec. 16, P. L. 79.*

Under the Act of May 6, 1887, sec. 16, P. L. 79, the register of wills of Allegheny county is entitled to commissions on the collateral tax collected by him and paid into the state treasury.

The Act of May 6, 1887, sec. 16, P. L. 79, repeals the Act of March 31, 1876, P. L. 13, which provided that commissions on the collateral tax should be paid into the county treasury.

Argued Oct. 31, 1905.    Appeal, No. 151, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1905, No. 440, for defendant on case stated in suit of Allegheny County v. George H. Stengel.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Case state to determine liability for commissions on collateral tax.

Evans, J., filed the following opinion :

This amicable action is brought by the county of Allegheny against George H. Stengel, register of wills for the said county, to recover the commissions collected by the said defendant from the commonwealth of Pennsylvania, due from the said commonwealth for the collection of collateral inheritance tax by the said defendant for the year ending December 31, 1904.

It would be a waste of time to go into any exhaustive argument to show that the commissions paid by the state for the collection of collateral inheritance tax are not fees as contemplated by article 14, section 5, of the constitution. And we understand that the plaintiff admits that the legislature has the power to direct that the fees allowed by the state for the collection of its collateral inheritance tax may be retained by the register, or whatever agent for the state collects those fees, as his own private compensation, and that the only question involved in this case is whether the legislature has so enacted.

There are two acts of assembly bearing on this question : First, the Act of March 31, 1876, P. L. 13, entitled, " An act to carry into effect section 5 of article 14 of the constitution," section 9 of which provides as follows :

"At the same time that monthly returns are made as required by section 2 of this act of the gross receipts of fees and emoluments received by said officers, to and for the use of their respective counties for the preceding month, each of said officers shall make a separate return to the state treasurer of all collateral inheritance taxes collected or earned for the state by him, if any have been so collected or earned, and of all taxes due the state on any writ or legal proceedings or fees otherwise belonging to the state collected or earned by him, and the amount so returned by any of said officers as received by him for the state shall be separately paid into the state treasury by him, quarterly, on the first Mondays of April, July, October and January, for which he shall take duplicate receipts ; all commissions on the collection of such taxes as are now or may hereafter be allowed by law, shall be deemed and taken as part of the regular fees of the officer collecting the same, and shall be accounted for accordingly."

It is contended by the plaintiff, and we understand admitted by the defendant, that under the provisions of that section of

the act of 1876, the registers of wills of Allegheny county, and of all counties over 150,000 inhabitants, were required to pay into the county treasury all commissions received by them from the state for the collection of collateral inheritance taxes.

The second Act is that of May 6, 1887, P. L. 79, section 16 of which provides as follows:

" The register of wills of the several counties of this commonwealth upon their filing with the auditor-general the bond hereinafter required, shall be the agents of the commonwealth for the collection of the collateral inheritance tax; and for services rendered in collecting and paying over the same, the said agents shall be allowed to retain for their own use such percentage as may be allowed by the auditor-general, not exceeding five per cent on all taxes paid and accounted for; provided, that this section shall not apply to the fees of registers elected prior to the passage of this act."

Section 17 provides for the giving of bond by the register, and section 18 provides that until said bond shall be given the taxes shall be collected by the county treasurer.

To one reading this 16th section of the act of May 6, 1887, and giving the ordinary construction to the language there used, the conclusion would seem to follow that the legislature meant the plain and ordinary meaning of the words when they said that " the said agents shall be allowed to retain for their own use such percentage as may be allowed by the auditor-general," and that so construing the words of the act, the commissions paid to the defendant in this case would be for his own compensation, and not for the county of Allegheny. But it is contended by the plaintiff that the act of 1887 does not repeal the provisions of the 9th section of the act of 1876 quoted above. There is no direct repealing clause of the act of 1876 in the act of 1887. The repealing clause of the said act being " All laws or parts of laws, heretofore approved, relating to the collection of the collateral inheritance tax, and inconsistent herewith, be and the same are hereby repealed." And it is contended by the plaintiff that the provisions of the 9th section of the act of 1876 are not inconsistent with the provisions of the 16th section of the act of 1887, that the two stand together. In other words, that the provisions of the act of 1887 apply only to counties having a population of less than 150,000 in-

habitants, leaving the act of 1876 to apply to counties having a population in excess of that amount. And one reason urged is, that section 9 of the act of 1876 in no way regulates the collection of collateral inheritance taxes, but merely directs the disposition to be made of the fees and commissions received. This is not strictly correct as to the provisions of that act, which does regulate the duties of the register of wills in the collection of that tax, as to his making reports, the time and place of payment of the tax collected, and to this extent it regulates the collection of collateral inheritance taxes, and certainly, if there was a change of time of payment, or a change of the time of making the report by the agent collecting the collateral inheritance tax, then under this repealing clause the provisions of the act of 1876 would be repealed.

It is urged that there being nothing in the title of the act of 1887 to indicate that it was going to take from the several counties of over 150,000 inhabitants the fees theretofore paid by the state to the register of wills for the collection of collateral inheritance taxes, and turned over to the county under the provisions of the act of 1876, it would be unconstitutional; but we take it that this position is not tenable. If the provisions of the act of 1887 are clearly set forth in its title, then the fact that the title may not indicate all the prior laws which its enactment may effect or repeal, would not render the act itself unconstitutional. As an illustration, supposing the act of 1887, which was passed for the better collection of a collateral inheritance tax, had empowered the governor of the state to appoint agents in the several counties for the collection of collateral inheritance taxes, and designated their compensation, such an act would have taken away from the counties the commissions received by the register of wills from the state and paid into the county treasury, and yet I take it that no person would have insisted that because of that the provision of the act of 1887 would be unconstitutional.

Another point urged by the plaintiff is, that the act of 1876, being an act to carry into effect the provisions of the constitution, is as fixed and stable as the constitution itself, and cannot be repealed by subsequent legislation. But the answer to that is, that the provision of the act of 1876, directing that the registers of wills should pay into the county treasury all commis-

sions received by them from the state for the collection of
collateral inheritance taxes, was not carrying into effect any
provision of the constitution, and that, therefore, that provision
of the act of 1876 is no more sacred than any other act of as-
sembly.    Both of these acts of assembly are general acts, and if
the provision of the prior act is inconsistent with that of the
latter, it cannot stand.    And it would seem to be beyond ques-
tion that if the provisions of the 16th section of the act of 1887
applies to all the counties in the state, those above 150,000 as well
as those under that, then it must repeal the provisions of the
9th section of the act of 1876.    And first let us note that the
language of the act is general and applies to all counties, "the
registers of wills of the several counties of this commonwealth,"
the apt language which makes the registers of wills, in collect-
ing the collateral inheritance tax, the agent of the common-
wealth, the fixing of the compensation not as fees but as com-
missions, a percentage on the amount collected, and the
provisions that he shall be allowed for the services rendered
to retain for his own use such percentage as the auditor general
may allow.

The first act imposing upon the register of wills the duty of
collecting the collateral inheritance tax was the Act of March 22,
1841, P. L. 99, section 1, of which provides that "hereafter,
instead of the county treasurer, the said registers shall receive
and pay over said collateral inheritance tax, and shall be en-
titled to the same compensation thereon as is now by law al-
lowed the county treasurers on the same terms."    Section 4
required the register to give bond.    Section 5 provided : "Un-
til said bond and security have been given, as required by the
preceding section, the said collateral inheritance tax shall be
received and collected by the county treasurer as hereto-
fore."

The Act of April 10, 1849, P. L. 570, provided, in its 16th
section, that "It shall be the duty of the register of wills in
the several counties of this commonwealth to collect and pay
to the state treasury all taxes due, and that may be due under
the collateral inheritance tax of this commonwealth."    It will
be observed that the act of 1841 only empowered the register
of wills to collect the collateral inheritance tax in case he filed
a bond, and left it optional with him whether he should per-

form that duty or not.    But the act of 1849 gives him no such option, but makes it his duty to collect the tax.

The 16th section of the act of 1887 re-enacts the provisions of the act of 1841, and only empowers the register to collect the tax in case he shall give bond.    Now, the effect of construing the 16th section of the act of 1887 to apply only to counties having a population of less than 150,000 would be that in such counties it would be optional with the register whether he collects the collateral inheritance or not, while in counties having 150,000 of population, and over, the act of 1849 applied, and the register would be compelled to collect collateral inheritance taxes.    We take it that that is not a reasonable construction of the intention of the legislature in enacting said law.

We are of the opinion that the act of 1887 was intended to apply to all counties in the state ; that the provisions of the 16th section of that act cannot be construed in harmony with the provisions of the 9th section of the act of 1876, and that, therefore, the latter is repealed by the former, that the legislature having power under the constitution to give to the county officer who may for the time being collect the collateral inheritance tax for the state a compensation for such collection, that the act of 1887 has so enacted, and the register is entitled to retain the compensation received by him.

Judgment should be entered for the defendant on the stated case.

*Error assigned* was the judgment of the court.

*George H. Calvert,* for appellant.—The plaintiff contends that the provisions of section 9 of the act of March 31, 1876, are not repugnant to or inconsistent with section 16 of the act of 1887, and that this being true, the latter is not impliedly repealed by the former, and that, therefore, both provisions stand : Pittsburg v. Anderson, 194 Pa. 172; Kittanning Borough v. Mass., 15 Pa. Superior Ct. 51; Com. v. DeCamp, 177 Pa. 112.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* for appellee.—The state may appoint its own agents to collect its

own tax, even though such agent be also for other purposes a municipal officer, and his duties as state agent will not necessarily blend or become part of his duties as a city officer: Knisely v. Cotterel, 196 Pa. 614; Phila. v. McMichael, 208 Pa. 297.

The act of 1876 is repealed: Hendrix's Acct., 146 Pa. 285; Westfield Boro. v. Tioga County, 150 Pa. 152; Allegheny County v. Grier, 179 Pa. 639; Com. v. DeCamp, 177 Pa. 112; Bridgewater Borough v. Bridge Co., 210 Pa. 105.

PER CURIAM, January 2, 1906:
Judgment affirmed on the opinion of the court below.