# Luzerne County, Appellant, *v.* Morgan.

*Public officers—County officers—Fees—Act of March 31, 1876, P. L. 13—Register of wills—Commissions for collecting collateral inheritance taxes—Act of May 6, 1887, P. L. 79, as amended by Act of May 14, 1891, P. L. 59.*

1. Section 1 of the Act of March 31, 1876, P. L. 13, providing that in counties containing over one hundred and fifty thousand inhabitants all fees received by the county officers shall belong to the county was repealed, in so far as it affected the right of the register of wills to retain for his own use commissions allowed by law for collecting collateral inheritance taxes, by Section 16 of the Act of May 6, 1887, as amended by the Act of May 14, 1891, P. L. 59, which provides that the registers of wills shall be the agents of the Commonwealth for the collection of collateral inheritance tax and shall be allowed to retain for their own use the commissions provided for in the act for services rendered in collecting and paying over the same.

*Constitutional law—County officers—Salary—Compensation for acting as agent of State.*

2. There is nothing in the Constitution prohibiting the legislature from appointing a county officer an agent for the Commonwealth for the collecting of revenues due it and paying him for his services, where the services so rendered are separate and distinct from any duty imposed upon him as a county official.

Mr. Justice MOSCHZISKER dissents.

Reargued Jan. 7, 1919. Appeal, No. 83, Jan. T., 1918, by the County of Luzerne, from judgment of C. P. Luzerne Co., March T., 1918, No. 778, disallowing a surcharge by the county controller against the register of wills in the case of County of Luzerne v. William E. Morgan. Before BROWN, C. J., STEWART, FRAZER, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal by register of wills from report of county controller. Before FULLER, J.

Case submitted upon an agreed statement of facts.

*Errors assigned* were the orders of the court disallowing the surcharge of the controller and entering judgment for the defendant.

*James M. Stack* and *John D. Farnham,* with him *William S. McLean, Jr.,* for appellant.—The distinction between "commissions" and "fees" drawn with considerable elaboration in Philadelphia v. Martin, 125 Pa. 583, has been entirely discredited by the later decisions.   See Schuylkill County v. Pepper, 182 Pa. 13; Pittsburgh v. Anderson, 194 Pa. 172; Philadelphia v. McMichael, 208 Pa. 297; Pittsburgh v. Grenet, 238 Pa. 567.

The register of wills had no right to retain commissions received for collecting inheritance taxes: Schuylkill County v. Wiest, 257 Pa. 425; Mulcreavy v. San Francisco, 231 U. S. 669.

*John P. Kelly,* with him *Peter J. McCormick,* for appellee, cited: Allegheny County v. Stengel, 213 Pa. 493; Philadelphia v. Martin, 125 Pa. 583; Philadelphia v. McMichael, 208 Pa. 297; Luzerne County v. Kirkendall, 209 Pa. 116; Schuylkill County v. Reese, 249 Pa. 281; Schuylkill County v. Wiest, 257 Pa. 425.

OPINION BY MR. CHIEF JUSTICE BROWN, February 17, 1919:

During the year 1916 William E. Morgan served as register of wills of the County of Luzerne, containing more than one hundred and fifty thousand inhabitants, and collected the collateral inheritance taxes due the Commonwealth, which paid him $5,468.02 as commissions for his services as its collecting agent.   In auditing his accounts for the year the county controller surcharged him with this sum as being due to the county, under the first section of the Act of March 31, 1876, P. L. 13, which provides that in all counties in the Commonwealth containing over one hundred and fifty thousand inhabitants all fees limited and appointed by law to be

received by each and every county officer shall belong
to the county in and for which the officers are severally
elected or appointed. This legislation was passed to
carry into effect Section 5, Article XIV, of the Consti-
tution, which declares that in counties containing over
one hundred and fifty thousand inhabitants all county
officers shall be paid salaries, and all fees which they
may be authorized to receive shall be paid into the treas-
ury of the county or State, as may be directed by law.
On appeal from the action of the controller, the learned
court below reversed it, holding that the question of the
right of the register of wills to retain for his own use the
compensation paid him by the Commonwealth was set-
tled, in view of our decisions covering a period of forty
years since the adoption of the present Constitution.

Section 16 of the Act of May 6, 1887, as amended by
the Act of May 14, 1891, P. L. 59, provides that the reg-
isters of wills in the several counties of the Common-
wealth, upon their filing with the auditor general the
bonds required by the Act of 1887, "shall be the agents
of the Commonwealth for the collection of collateral in-
heritance tax," and for services rendered in collecting
and paying over the same they shall be allowed to retain
for their own use as said agents the commissions pro-
vided for in the act. This repealed the Act of March 31,
1876: Allegheny County v. Stengel, 213 Pa. 493; and if
it is constitutional legislation, the County of Luzerne
admittedly has no claim upon what the Commonwealth
paid the appellee. If the Act of 1887, as amended, is un-
constitutional, it is so only because it is legislation
"clearly, palpably, plainly" prohibited by the Consti-
tution. Where is such prohibition of it to be found in
that instrument? We have heretofore held, and now
repeat, that it is not to be found. The legislature may
do whatever it is not forbidden to do by the Federal or
State Constitutions. All moneys received by a salaried
county officer, whether styled fees or commissions, for
services which he renders as such officer, belong to the

county by the express words of our Constitution., There are, however, no words in that instrument prohibiting the legislature from appointing, as the suitable agent of the Commonwealth for the collection of revenues due it, and paying him for his services, one who, for the time being, may be a county officer, but who, as the agent of the Commonwealth, will render service to it alone, separate and distinct from any duty imposed upon him as a county official. Only under a misconstruction of the Constitution could this appeal be sustained.

The legislation assailed by the County of Luzerne may be unwise, but that is not for the courts, if it is not forbidden, and we are not to strike it down, even if we are in accord with the widespread disapproval of it, by reading into the Constitution strained words of prohibition. This is what we have consistently held whenever the question now before us has been under consideration. In Philadelphia v. Martin, 125 Pa. 583, in an exhaustive, learned and well reasoned opinion by the court below, adopted by this court, it was clearly pointed out that a county treasurer, in acting for the Commonwealth in the collection of its revenues and accounting to it for the same, performs distinct and separate duties imposed upon him by law, and in such service does not act in his capacity as a county officer, but as an officer, agent or employee of the Commonwealth, entitled as such to retain for his own use the compensation paid him by the Commonwealth. Speaking through Mr. Justice MITCHELL, in Knisely v. Cotterel, 196 Pa. 614, we said: "The State may appoint its own agents to collect its own tax, even though such agent be also for other purposes a municipal officer, and his duties as State agent will not necessarily blend or become part of his duties as a city officer." In the later case of Philadelphia v. McMichael, 208 Pa. 297, this was reaffirmed, and the writer approves the remark made by our late Brother MITCHELL, that Philadelphia v. Martin had been rightly decided and should be followed. In Allegheny County

v. Stengel, supra, the question was as to the right of the register of wills to retain what the present appellee claims, and the court below announced as its own opinion, without regard to admission of counsel, that the legislature has power under the Constitution to give to a county officer who may, for the time being, collect the collateral inheritance tax for the State, compensation for collecting it, which he is entitled to retain as compensation received by him in a capacity other than that of a mere county officer. This we also affirmed; and the court below in this case committed no error in holding that the question before it was not an open one.

If we should now be considerately of opinion that our predecessors erred in holding, time and again, that the legislature is not prohibited by the Constitution from designating a county officer as its agent for the collection of revenue due directly to it, and providing for compensation to be retained by him for his services as such agent, our duty would be to so declare and to depart from their rulings: Kerlin v. Bull, 1 Dall. 175; Kellerman's Est., 242 Pa. 3; but they did not err, and what they, of one mind, repeatedly held still commends itself to reason.

While we are compelled to hold, with those who preceded us here, that the legislature did not transgress the limits of the Constitution in the enactment now under consideration, the remedy is with the legislature itself for such unwise and extravagant legislation, giving, as it does, to the register of wills of the County of Philadelphia, as appears in an opinion herewith filed in Phila. v. Sheehan, 263 Pa. 449, more than $100,000 in three years in addition to his annual salary of $10,000. This situation, differing only in degree, exists in every county in the Commonwealth, and should be speedily corrected. If we could give relief to a wronged public, we would do so, but we cannot, and they must look for it to their representatives now in session.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

The Constitution of Pennsylvania provides that "the compensation of county officers shall be regulated by law, and all county officers who are or may be salaried, shall pay all fees, which they may be authorized to receive, into the treasury of the county or State, as may be directed by law. In counties containing over 150,000 inhabitants all county officers shall be paid by salary."

Section 1 of the Act of March 31, 1876, P. L. 13, which was passed to carry into effect the above quoted article of the Constitution, provides that, in counties containing over 150,000 inhabitants, "all fees limited and appointed by law to be received by each and every county officer ......shall belong to the county......except such...... as are levied for the State, which shall be for the use of the State; and none of said officers shall receive for his own use, or for any use or purpose whatever, except for the use of the proper county or for the State, as the case may be, any fees for any official services whatsoever." This is amplified by section 15, which declares plainly that every county officer enjoying a fixed salary shall be restricted for recompense to that compensation alone.

While a technical distinction has been drawn between "fees" and "commissions," yet it is hardly conceivable that the people, in adopting the Constitution, had any such difference in mind; in all human probability the word "fees" was understood by them in its plain dictionary sense, as meaning the "recompense allowed by law to an officer for his labor and trouble": Anderson's Law Dictionary 452. In Schuylkill County v. Pepper, 182 Pa. 13, 15, we held that the section of our organic law here in question, and the Act of 1876, both covered commissions for services rendered by a county treasurer; so, at this time, there can be no doubt that the word "fees," as used in our Constitution, comprehends commissions.

Counties are mere political subdivisions of the State, and, in a broad sense, all county officers are "agents of

the Commonwealth," performing services therefor; but it is not necessary to decide the present case on this theory, for the Act of May 14, 1891, P. L. 59, depended upon by appellee, does not appoint him, personally, as the agent of the State, but provides simply that the "registers of wills......shall be the agents of the Commonwealth," etc.; or, as recently said by this court in Schuylkill County v. Wiest, 257 Pa. 425, 431, "it was only by virtue of his official character, and not as an individual, that he was authorized." Therefore, in my opinion, when the Act of 1891, supra, attempts to allow this official to retain, "for his own use," compensation paid to him in his official capacity, it violates the Constitution and cannot stand; if such be the case, the act in question does not repeal the Act of 1876, but the latter applies and controls the disposition of the money here involved.

I say the Act of 1891 violates our organic law, for, it seems to me, there can be no reasonable doubt, when the people adopted the Constitution they must have understood, from its language, that officers, in counties of over 150,000 inhabitants, were to be paid salaries only and all fees received by them were to go to the county or State. Nowhere in the relevant constitutional provision, supra, is a limitation or qualification suggested, either as to the character of fees referred to or the paymaster thereof; on the contrary, it deals with "all fees," irrespective of their nature or source of payment, clearly showing (as recently said by us in Schuylkill County v. Wiest, supra, p. 428) a "fixed intention to confine a salaried county officer to his salary, as compensation for all services rendered in his official capacity."

To my mind, the words of the Constitution have the meaning put upon them by the legislative construction contained in the Act of 1876, that salaried county officers shall not be granted, or permitted to receive as recompense, anything over

and above their salaries and that all other compensation for services rendered by them, because of the office which they happen to occupy, whether such services be classified as county or State work, or whether the remuneration be designated as fees or commissions, must be paid into the county or State treasury. In other words, the purpose of the constitutional provision in question was to confine the public officials therein designated to their salaries, and, to this extent, eliminate the extra-compensation evil which so widely prevailed at that time. I think the legislature should be held strictly to the broad construction adopted by it in 1876, and we erred in ever accepting a narrower one; that error ought not to be perpetuated. Counsel for appellant respectfully, but strongly, ask that we depart from Philadelphia v. Martin, and other like authorities cited in the majority opinion; I agree with them that these cases were wrongly decided, and would not hesitate to overrule them.

I am a strong believer in applying the doctrine of stare decisis, whenever prior decisions, in any degree, from the bases of institutions founded thereon or either affect property rights or lay down principles which have become accepted rules of property; but here no institutions have been founded upon the decisions in question and no such rights or principles are involved, for, with us, the title to an office is not in any sense a property right, and, a fortiori, a construction of the Constitution which, if maintained, secures to the incumbent of an office certain fees, is not such a right. Moreover, no legal harm can be done to anyone by overruling Philadelphia v. Martin and other like decisions; for, if I am right in my view, commissions heretofore permitted to be retained by the registers of wills were, in effect, paid to them under a mistake of law, and, therefore, cannot be recovered back.

Of course, as stated in the majority opinion, the legislature, when it sees fit, may remedy the exorbitant

compensation now enjoyed by registers of wills; but, in my opinion, we should not wait for such action; for, even if taken, it could not affect the present case. In this connection, however, I may add that, the fee evil being a general one, extending throughout the State, any effort towards a cure should not be limited in its geographical application, as attempted by the act, which, for that reason, we have this day declared unconstitutional in Philadelphia v. Sheehan.

Since I entertain the views here expressed, owing to the public importance of this case I note my dissent.