## Commonwealth ex rel. Kelley *v.* Marinelli et al., Appellants.

Argued March 23, 1938. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Francis J. Myers,* Assistant Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Edward Friedman,* Deputy Attorney General, for appellants.

*Joseph First,* with him *Harry A. Kalish,* of *Murdoch, Paxson, Kalish & Green,* for appellee.

OPINION BY MR. JUSTICE LINN, April 18, 1938:

This appeal from judgment of ouster brings up a contest between the appellants, who were appointed to the board of mercantile appraisers on January 5, 1938, for part of a one-year term, and Messrs. Lee and Hart, who, in 1936, were appointed to the same offices for terms to expire December 13, 1939. When Lee and Hart were appointed, the law provided that, in cities of the first class, mercantile appraisers should be appointed by the joint action[1] of the auditor general and of the city treasurer. Lee and Hart entered upon the performance of the duties pursuant to such appointment. When appointed, they became subject to the provisions of Article VI, section 4,[2] of the constitution that "Appointed officers . . . may be removed at the pleasure of the power by which they shall have been appointed"; so long as the law remained unchanged, they might be removed at any time by the joint act of the officers, or the succes-

---

[1] *Com. ex rel. v. Kelly,* 322 Pa. 178, 185 A. 307.

[2] "All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed. All officers elected by the people, except Governor, Lieutenant Governor, members of the General Assembly and judges of the courts of record learned in the law, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

sors of the officers who appointed them.[3]  The legislature had the authority to take the power of appointment from the auditor general and city treasurer and to lodge it in some other agent or agents; and if that was done the power to remove would accompany the power to appoint, and would no longer remain where it had been before.

The controversy was precipitated by the Act of May 28, 1937, P. L. 1052, 72 PS (1937 Supp.) section 2713, by which the legislature changed the method of obtaining mercantile appraisers for the future.  It was an amendment to the prior law and repealed so much of it as was inconsistent with the amendment.  It provided that mercantile appraisers should be appointed by the auditor general, and abolished the existing terms of mercantile appraisers, which included Lee and Hart, as of June 1, 1937.[4]  The terms of the mercantile appraisers in office could not constitutionally be ended by the legislature, as proposed in the second section of the Act, and it was held invalid.[5]  But by creating an appointing power and vesting it in the auditor general for the time

---

[3] *Com. ex rel. v. Hoyt,* 254 Pa. 45, 98 A. 782.

[4] "Section 1.  That in all cities of the first class, on or before the first day of June, one thousand nine hundred and thirty-seven, and on or before the first day of June of each year thereafter, the Auditor General shall appoint five suitable qualified citizens as mercantile appraisers for a period of one year.  Not all of said appraisers shall be members of the same political party.  The powers, duties, and compensation of said appraisers shall be as now provided by law.

"Section 2.  The terms of mercantile appraisers in cities of the f~st class in office immediately prior to the first day of June, one thousand nine hundred thirty-seven, are hereby terminated as of that date.

"Section 3.  This act shall become effective immediately upon its final enactment."

[5] *Com. v. Green,* 30 D. & C. Rep. 350; *Com. ex rel. v. McElwee,* 327 Pa. 148, 193 A. 628; *Com. ex rel. v. Clark,* 327 Pa. 181, 193 A. 634; *Suermann v. Hadley,* 327 Pa. 190, 193 A. 645.

being, the power of removing persons appointed by such officer immediately became a right or duty of that office. The creation of the new appointing power divested the old, and, necessarily, also divested the power of removal formerly existing in the old appointing officers. The act gives no indication that the legislature intended otherwise; indeed section 2 indicates that the legislature intended to put the entire board of mercantile appraisers out of office on June 1, 1937, and to create a new appointer for the future. There is no saving clause in the statute providing, for example, that, during the balance of the term of any mercantile appraiser then in office, the power to remove should remain, as it had been, in the auditor general and the city treasurer notwithstanding the creation of a new appointer for the future.

On January, 3, 1938, pursuant to the general election held in November, 1937, Luther Harr took office as city treasurer; the next day, notwithstanding that a new source of appointment, of which he was not part, was created in substitution for the old, he joined with the auditor general in notifying Lee and Hart that they were removed from the office of mercantile appraiser by the joint action of himself and the auditor general. A day later the auditor general, exercising the power conferred by the new statute, appointed appellants, Marinelli and Cooke to fill the vacancies said to have been created by the removal. The learned court below correctly held that their appointment was nugatory because the efforts to remove Lee and Hart were ineffective. While they would have been removable at the pleasure of the auditor general and the city treasurer, if the Act had not been passed, it was not a condition of their appointment that they might be removed by either the auditor general or city treasurer or by any other appointive power because such removal would be in violation of the terms of their appointment, assuming always that they behave themselves well in office, in de-

fault of which they become removable under another provision which still applies to them. The city treasurer, who, in joining in the appointment, was merely an agent for the state, has no constitutional ground of objecting that his agency was not continued after a new appointer was established by the amendment of 1937, because the state as principal could at any time change or withdraw the agency.

As we understand the argument, the attorney general does not suggest that the repeal of the city treasurer's power authorized the auditor general, acting alone, to remove officers whose terms began prior to the Act; such removal would conflict with Article III, section 13, providing that "No law shall extend the term of any public Officer or increase or diminish his salary or emoluments after his election or appointment": see *Com. ex rel. v. Clark*, 327 Pa. 181, at 188, 193 A. 634. The removal of Lee and Hart can therefore not be sustained by separating what the auditor general did from what the treasurer did and treating the auditor general's part of the joint act as effective and the participation of the city treasurer as surplusage. The auditor general's appointments were nugatory because there were no vacancies to which appellants could be appointed. The effect of the statute is that those in office at its effective date, "shall," in the words of the constitution, now "hold their offices" for the remainder of their respective terms "on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime."

This opinion is filed pursuant to the order made March 24, 1938.

Judgment affirmed, at costs of appellants.