Hadley's Case.

Argued April 24, 1939. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel Feldman,* Assistant City Solicitor, with him *Joseph Sharfsin,* City Solicitor, for appellant.

*Graham C. Woodward,* for appellee.

OPINION BY MR. JUSTICE DREW, June 19, 1939:

Appellee, WillB Hadley, occupied the position of treasurer of the City and County of Philadelphia from January, 1934 to January, 1938. During his term of office the Act of April 8, 1937, P. L. 256, was passed.[1]

---

1. *Relating to counties of the first class, and the duties of the treasurers thereof in connection with the collection of certain taxes, fees, license taxes, and license fees payable to the Commonwealth, and making provision for the disposition of the compensation therefor heretofore received by such treasurers.*

Section 1. Be it enacted, &c., That county treasurers in counties of the first class, from and after the effective date of this act, shall cease to be agents of the Commonwealth, any other provision of any act . . . to the contrary notwithstanding, for the collection of mercantile license taxes, . . . license fees payable by . . . applicants for fishing licenses, hunters' licenses, and all other taxes or fees payable to the Commonwealth which it is now their duty to collect, but in all other respects such treasurers shall continue to collect such taxes, fees, . . . as heretofore, and to exercise all of the powers now conferred upon them by law.

Section 2. All fees and commissions heretofore retained by county treasurers in counties of the first class for their own use for services performed by them, as agent of the Commonwealth

At the expiration of appellee's term, the controller of the City and County of Philadelphia, Robert C. White, in compliance with the provisions of Article XII, sections 5 and 6 of the First Class City Charter Act of June 25, 1919, P. L. 581, examined the treasurer's accounts and surcharged him with the sum of $9,058.21, which appellee had withheld as commissions for the collection of various taxes and fees, fishing and hunters' licenses, pistol permits, magazine subscription fees, city penalties and mercantile licenses, as agent of the Commonwealth from the effective date of said Act of 1937 until December 31, 1937. Pursuant to the aforementioned provisions of the Charter Act of 1919, the controller filed the account as stated in the Court of Common Pleas of Philadelphia County and gave appellee notice of the action. The court sustained Hadley's appeal and exceptions to the account. From that order the City of Philadelphia has appealed.

There is no merit to appellee's contention that the controller was not the proper party to institute these proceedings to recover money due the county. The city controller was expressly vested with the power and duty to audit the treasurer's accounts by the Charter Act of 1919. The mere fact that the legislature there used the designation "city controller" does not preclude one holding the office of both city and county controller from settling the accounts of county officers. Ever since the Consolidation Act of February 2, 1854, P. L. 21, the entire fiscal affairs of both the City and County of

---

in collecting the taxes, fees, . . . shall, after the effective date of this act, be paid into the treasuries of their respective counties at the times such treasurers are required by law to make return of such taxes, fees . . . to the Department of Revenue of the Commonwealth.

Section 3. All acts or parts of acts inconsistent herewith are hereby repealed.

Section 4. This act shall become effective immediately upon its final enactment.

Philadelphia have been fused under a single management: *Phila. v. Commonwealth*, 52 Pa. 451; *Graham v. Philadelphia*, 288 Pa. 152; *Patton v. Philadelphia*, 126 Pa. Superior Ct. 212. Prior to the Charter Act of 1919, the terms "city controller" and "city treasurer" in legislation concerning Philadelphia were used identically with the terms "county controller" and "county treasurer": Act of March 31, 1876, P. L. 13, section 17; *Taggart v. Commonwealth*, 102 Pa. 354; *Com. v. Oellers*, 140 Pa. 457; *Bonnell v. Philadelphia*, 48 Pa. Superior Ct. 456. The legislature did not depart from this terminology in the Charter Act of 1919. In view of the unity of responsibility over both city and county fiscal affairs, it is manifest that the legislature intended the controller to make a comprehensive audit of both city and county funds in settling the accounts at the expiration of the treasurer's term of office.

Appellee next challenges the constitutionality of the Act of 1937. It is axiomatic that he who asks to have a law declared unconstitutional takes upon himself the burden of proving beyond all doubt that it is so. This, of course, means that the legislature is presumed not only to have put the true interpretation on the Constitution, but also to have understood the facts of the particular case, and that it did not wilfully disregard either. All presumptions are in favor of the constitutionality of acts and courts are not to be astute in finding or sustaining objections to them: *Erie & North-East R. R. v. Casey*, 26 Pa. 287; *Sugar Notch Borough*, 192 Pa. 349; *Gottschall v. Campbell*, 234 Pa. 347; *Com. v. Lukens*, 312 Pa. 220.

In upholding appellee's contention that the Act of 1937 violated Article III, section 7, of the Constitution, forbidding the passage of local or special laws regulating the affairs of counties, the learned court below failed to consider the effect of the 1923 Amendment to that Article, contained in section 34: "The legislature shall have power to classify counties, cities, . . . accord-

ing to population, and all laws relating to each class . . . shall be deemed general legislation within the meaning of this Constitution. . . ." As was pointed out in *Com. ex rel. Kelley v. Cantrell,* 327 Pa. 369, 380, the cases decided prior to the 1923 Amendment are no longer in point. Appellee's argument that since at the moment there is only one county of the first class, the legislation was intended to affect that county treasurer only, and is, therefore, local or special, is entirely foreclosed by the 1923 Amendment: *Com. ex rel. v. Wert,* 282 Pa. 575; *Com. ex rel. v. Matthews,* 303 Pa. 163; *Tranter v. Allegheny County Authority,* 316 Pa. 65; *Retirement Board v. McGovern,* 316 Pa. 161; *Suermann v. Hadley,* 327 Pa. 190; *Dornan v. Philadelphia Housing Authority,* 331 Pa. 209.

Nor can it be said that the Act of 1937 violates Article III, section 13, which prohibits the increase or diminution of the salary or emoluments of a public officer after his election or appointment. The designation of the city or county treasurer by the legislature as agent of the Commonwealth for the collection of certain taxes and fees is not the creation of a public office within the meaning of Article III, section 13, but is merely the establishment of an agency which the legislature may at any time modify or revoke. The purpose of the framers of the Constitution in placing limitations upon legislative interference with the compensation received by a public officer for the duties normally incident to the office was to eliminate political or partisan pressure upon the incumbents of office after they had been elected or appointed: 8 Deb. Pa. Const. 332, 333. It was not their intent to narrowly circumscribe the appointment of such officers as special agents for the Commonwealth. It would be imposing an unreasonable restriction upon the legislature to hold that once having designated a certain city or county official as its agent for an express and limited purpose that it could not terminate such designation until the expira-

tion of the term of office held by such agent in any particular city or county. There is no relation whatsoever between the election to a city or county office and the express designation of that officer as a state agent, whose activities are solely statutory and entirely divorced from the functions of the office to which he was elected: *Knisely v. Cotterel,* 196 Pa. 614; *Luzerne County v. Morgan,* 263 Pa. 458; see *Bachman's Appeal,* 274 Pa. 420. Moreover, to hold as appellee urges would produce the result that a public officer during his term could not possibly be designated agent of the Commonwealth and be paid commissions upon fees collected by him in the course of such agency, since such appointment would involve a prohibited increase of his emoluments. In *Jones v. County of Northumberland,* 120 Pa. Superior Ct. 132, it was held that the appointment of a city treasurer as agent to collect state and county taxes in a city during his term does not constitute a forbidden increase in emoluments under our Constitution. When the treasurer of Philadelphia is expressly named an agent for the State, in contradistinction to his normal duties as an elected public officer, he has no constitutional ground of objecting to the discontinuance of such agency by the legislature "because the state as principal could at any time change or withdraw the agency"; *Com. ex rel. Kelley v. Marinelli,* 330 Pa. 82, 87.

The title is assailed under Article III, section 3, which provides that no bill shall be passed containing more than one subject, which shall be clearly expressed in its title. Here the title is ample to put treasurers of counties of the first class on inquiry into the body of the Act concerning the termination of their agency. We have repeatedly held that the title need only indicate the subject matter of the act and that it need not be a synopsis of it nor index all the subdivisions thereof, nor any matters that may be fairly related to it. Unless a substantive matter, entirely disconnected with the named legislation, is included within the bill, the act

does not fall within the constitutional inhibitions: *Com. ex rel. Schnader v. Liveright,* 308 Pa. 35; *Retirement Board v. McGovern,* supra; *Com. v. Stofchek,* 322 Pa. 513; *Kelley v. Earle,* 325 Pa. 337. It must be remembered that the constitutional provision as to titles was intended to curb the practice of incorporating in one bill a variety of distinct and independent subjects of legislation the real purpose of which was often intentionally disguised by a misleading title or covered by the all-comprehensive phrase, "and for other purposes" with which the title of many "omnibus" bills concluded: *Poor District Case (No. 1),* 329 Pa. 309, 402. It cannot be contended that any such thing was attempted or resulted here.

Nor are we impressed with the suggestion that the Act of 1937 is repugnant to Article III, section 6, prohibiting the revival or amendment of a law by reference to its title only. By the Act the power of treasurers in counties of the first class to retain certain fees and commissions is terminated and is transferred to the county. We have several times held that an act terminating given powers and duties in one agency and transferring them to another agency is not required to republish at length all the acts orginally conferring such powers and duties: *Lloyd v. Smith,* 176 Pa. 213; *Cornman v. Hagginbotham,* 227 Pa. 549; *Poor District Case (No. 2),* 329 Pa. 410. The Act does not in any manner offend against Article III, section 6, which relates only to express amendments, and does not compel every act to recite all other acts that its operation may incidentally affect: *Searight's Est.,* 163 Pa. 210; *Young v. Fetterolf,* 320 Pa. 289.

Order reversed; and record remitted to the court below for the purpose of dismissing the appeal of WillB Hadley, late Treasurer of the City and County of Philadelphia, to the account as stated by Robert C. White, Controller, and the exceptions thereto, and for the entry of a decree in conformity herewith.