Commonwealth ex rel. Duff, Attorney General, et al., Appellants, *v.* McCloskey, Appellant.

Argued November 30, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. Bradley Ward,* with him *Lemuel B. Schofield* and *Douglass D. Storey,* for John F. McCloskey, appellant.

*Howard E. Stern,* Assistant City Solicitor, with him *Frank F. Truscott,* City Solicitor, for City and County of Philadelphia, appellant.

*George W. Keitel,* Deputy Attorney General, with him *James H. Duff,* Attorney General, for appellee.

*Wesley H. Caldwell* filed a brief for Registers Association of Pennsylvania, intervening amicus curiae.

OPINION BY MR. JUSTICE DREW, March 25, 1946:

In this suit in assumpsit in Dauphin County a rule for judgment for want of a sufficient affidavit of defense was sustained and judgment entered in favor of plaintiff and against defendant for the sum of $52,419.70. The plaintiff is the Commonwealth of Pennsylvania. The defendant is John F. McCloskey, Register of Wills of Philadelphia County and agent of the Commonwealth for the collection of inheritance taxes during the years 1938 to 1941 inclusive.

The Commonwealth's statement of claim alleges that defendant was entitled to retain from inheritance taxes

collected by him certain commissions, subject to statutory limitations; that he had retained each year during his term of office more than the maximum allowed by law; that this happened in three classes of items: (a) Commissions exceeding the maximum yearly limit of $10,000, as fixed in the Act of 1937, amounting to $28,-431.81; (b) Commissions for the collection of old collateral inheritance taxes prohibited by the Act of 1937, amounting to $19,765.68; (c) Cost of premiums on surety bonds filed by him with the Department of Revenue, amounting to $4,222.21. A total of $52,419.70.

The affidavit of defense admitted retention of the amounts involved, but averred that the first two amounts, on the advice of counsel, were being held in escrow because of doubt as to whether the money belonged to the Commonwealth or to the County of Philadelphia. As regards the third amount, defendant averred he had a legal right to retain the money to pay the premiums on bonds he furnished the Commonwealth.

The County of Philadelphia hereinafter referred to as the County, filed a petition for leave to intervene, alleging it was entitled to receive the commissions retained by defendant in the first and second items. The Association of Registers of Wills petitioned for leave to appear as amicus curiae, and the request was granted. The learned court below declined to permit the County to intervene as a party plaintiff because it said it had "no jurisdiction to determine the right of the County of Philadelphia to recover from the defendant the moneys in question." Act of April 7, 1870, P. L. 57, as amended by the Act of May 25, 1937, P. L. 793. Permission was granted the County to appear amicus curiae, and the County took full advantage of this. All the parties appeared and presented arguments before the court en banc, and they treated the case as one to be decided on its merits.

In its petition for leave to intervene the County said: "If permitted to intervene, the City and County of

Philadelphia will file no further pleadings, for the reason that the facts set forth in the statement of claim as admitted or qualified by the affidavit of defense raise pure questions of law for decision by your Honorable Court and no additional pleadings are required." The County appealed from refusal of its petition to intervene. But since the County appeared and argued the case on its merits and furnished a brief; and since as it admits only pure questions of law are involved, and they have been thoroughly considered, the County has suffered no harm and it cannot be heard to complain now. Under the circumstances it would answer no useful end to consider whether the County should have been permitted to appear as a party plaintiff.

The learned court below entered judgment for plaintiff because the affidavit of defense failed to show any reason in fact or law why this should not be done: the County was given leave to appeal and did so, and defendant took a separate appeal related only to retention of the money to pay premiums on his bonds, in which the County has no interest. The contention of the County is that the first two items, totalling $48,197.49, are payable to the County of Philadelphia.

There have been numerous acts imposing inheritance taxes upon estates of decedents and providing for the collection thereof by registers of wills (or the County Treasurer). The first important one of concern here is the Inheritance Tax Act of May 6, 1887, P. L. 79, which for the first time designated the registers of wills as agents of the Commonwealth in the collection of inheritance taxes. Section 16 of that Act provided: "The registers of wills of the several counties of this Commonwealth . . . . shall be the agents of the commonwealth for the collection of the collateral inheritance tax; and for services rendered in collecting and paying over the same, the said agents shall be allowed to retain for their own use such percentage as may be allowed by the Auditor General, not exceeding five per centum on all taxes

paid and accounted for". This Act made the Register of Wills an agent for the Commonwealth and allowed him compensation as such agent. It was decided by this Court that such designation as agent and the allowance of compensation in that capacity does not contravene the provisions of the Constitution, (Article XIV, Section 5) and to the extent it was inconsistent with the Act of March 31, 1876, P. L. 13, it repealed that Act: *Allegheny County v. Stengel*, 213 Pa. 493, 63 A. 58; *Luzerne County v. Morgan*, 263 Pa. 458, 107 A. 17.

The Act of June 20, 1919, P. L. 521, is the basis for the present collection of inheritance taxes, both collateral and direct. Section 21 of this Act, as amended by the Act of June 4, 1937, P. L. 1597, fixes the amount of commission which the Register of Wills may retain out of inheritance taxes collected as agent of the Commonwealth, as follows: "Section 21. The registers of wills, upon their filing with the Department of Revenue the bond hereinafter required, shall be the agents of the Commonwealth for the collection of the said tax in the case of resident decedents. For services rendered in collecting and paying over the same, they shall be allowed to retain for their own use, upon the gross amount collected during any year, five per centum upon the tax collected, if such tax shall amount to a sum of fifty thousand ($50,000) dollars or less; three per centum on the amounts collected in excess of fifty thousand ($50,000) dollars and not exceeding one hundred thousand ($100,000) dollars; one per centum on the amounts collected in excess of one hundred thousand ($100,000) dollars and not over two hundred thousand ($200,000) dollars; and one-half of one per centum on the amounts collected in excess of two hundred thousand ($200,000) dollars and not over one million ($1,000,000) dollars; and one-quarter of one per centum on the amounts collected in excess of one million ($1,000,000) dollars: Provided, That the total amount to be so retained by such registers of wills for their own use shall not exceed the

total sum of ten thousand dollars ($10,000) during any year."

It is too plain for words that this section of the Act puts a ceiling on registers and limits compensation to not more than $10,000 per year. The intention of the legislature to limit the compensation is manifest, and of course all that remained of the collection after the compensation was paid was the property of the Commonwealth. The Commonwealth is clearly entitled to recover from defendant the $28,431.81 excess commissions retained by him, under the first item. The schedule in Section 21 shows defendant would have to collect $1,400,000 a year to earn compensation of $10,000 per year, and that his rate of compensation for the last $400,000 collected would be one-fourth of one percent. For collections above $1,400,000—no compensation is allowed. The County contends that defendant should retain one-fourth of one percent on all collections over $1,400,000. Such an interpretation would completely destroy the very spirit of the Act, and the decisive intention of the legislature to limit the compensation paid to $10,000 in any one year. Since we have concluded that defendant is not entitled to any fees in excess of $10,000 per year, and since it has already been decided that the fees received by an agent for collecting the inheritance tax belong to the agent and not to the County (*Allegheny County v. Stengel,* supra) it follows that there are no fees or compensation which should be paid to the County.

The Act of 1919, Section 47, repealed certain previous acts imposing collateral inheritance taxes, but continued such acts in effect for the purpose of collecting taxes still due at the time the Act of 1919 was passed. The amendatory act of 1937 here involved provided in plain language, "That the registers of wills shall not retain any amount for their own use for the collection of taxes under said acts as agents for the Commonwealth." The commissions withheld on such collections clearly belong

to the State. Since defendant has withheld, pending judicial determination, $19,765.68, on collateral inheritance tax thus collected, and $28,431.81 commissions on collections in excess of $1,400,000 or a total of $48,-197.49 in excess of compensation allowed him by law, it follows from what has been said that the Commonwealth is entitled to that money.

Defendant admits in his affidavit of defense that he has retained each year the cost of the premiums for his bond as agent of the Commonwealth, a total of $4,222.21, and avers that he is entitled to deduct said cost of premiums as a reasonable expense incurred in conforming with the laws relating to the imposition and collection of inheritance taxes. There is no statute, which was in force when defendant was in office, which allows such deduction. It was not until the Act of 1943, P. L. 369, that such a deduction was allowed. Prior to the Act of 1943 there were several acts which permitted deductions of "necessary expenses" or "reasonable fees and expenses" but the Attorney General had ruled (See Formal opinion of Attorney General, No. 474) that "Before May 21, 1943, the premiums on surety bonds of Registers of Wills or agents for the collection of inheritance taxes had to be paid by the Registers of Wills, and might not be paid from inheritance tax collections". This was because the register was not the agent of the State until his bond was filed, and the cost therefor was not a cost of collection. This had been the practice throughout the State, the registers furnishing and paying for their bonds, and it was not until the Act of 1943 that it was provided that "the payment of the cost of registers bonds to the Commonwealth shall be paid out of taxes in the hands of the registers." The statutory construction Act of 1937, P. L. 1019, provides in Section 56 that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature". There is no reason to suppose that the legislature intended the Act of 1943 to be retroactive, the contrary is the better sup-

position, and therefore we cannot make it so. We are forced to conclude that prior to 1943, there was no statutory authority for the deductions by registers of wills of bond premiums and that the Act of 1943 is not retroactive. Therefore defendant is not justified in withholding the sum of $4,222.21 representing the cost of his bond premiums, and the Commonwealth is entitled to receive the same.

The affidavit of defense is clearly insufficient in fact and law to prevent judgment, and the learned court below did not err in sustaining the rule and entering judgment in favor of the Commonwealth and against the defendant, in the sum of $52,419.70, with no interest or Attorney General's commission.

Order (No. 4) affirmed; Judgment (No. 6) affirmed.