Commonwealth ex rel. Duff, Attorney
General, *v.* Huston, Appellant.

Argued October 5, 1948.  Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John H. Lauer,* with him *John H. Fertig,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1948:

This is an action in assumpsit instituted by the Commonwealth of Pennsylvania to recover from John M. Huston, Register of Wills of Allegheny County, $87,065.44 of commissions in excess of the $10,000 maximum yearly limit allowed by the Act of June 4, 1937, P. L. 1597, 72 PS 2381, and $1254.30 of other deductions improperly retained out of inheritance and collateral inheritance taxes collected by him as agent of the Commonwealth, according to resettlements made following

annual audits by the Auditor General of his accounts for the years 1937 to 1944, inclusive. Preliminary objections filed by the Commonwealth, questioning the sufficiency of Huston's amended answer, were sustained by the court below, after argument, and judgment was entered in the amount claimed with statutory interest at the rate of twelve per cent per annum. Huston appealed.

Appellant admits retention of the money but asserts nonliability on the grounds, (1) that the Act of 1937 violates Article III, Section 13, of the Constitution, prohibiting the increase or diminution of the salary or emoluments of a public officer after his election or appointment (and therefore also violates Article I, Section 9, of the Constitution as well as Article XIV, Section 1, of the United States Constitution), and (2) that he is relieved from liability by reason of alleged irregularities in the making of the resettlements. He contends further that, in any event, the Commonwealth is not entitled to interest on the moneys retained because of an alleged oral agreement entered into with the then Auditor General, in December, 1937, that the excess commissions should be retained by him in a separate account pending a test of the constitutionality of the Act of 1937 in an action to be brought by the Commonwealth.

The Act of 1937 was considered by this Court in *Com. ex rel. Duff v. McCloskey,* 353 Pa. 553, 46 A. 2d 178, which was likewise an action in assumpsit to recover commissions retained in excess of the $10,000 maximum yearly limit allowed by the act. It was there held, pp. 557, 558: "The Act of June 20, 1919, P. L. 521, is the basis for the present collection of inheritance taxes, both collateral and direct. Section 21 of this Act, as amended by the Act of June 4, 1937, P. L. 1597, fixes the amount of commission which the Register of Wills may retain out of inheritance taxes collected as agent of the Commonwealth . . . It is too plain for words that this section of the Act puts a ceiling on registers and limits

compensation to not more than $10,000 per year. The intention of the legislature to limit the compensation is manifest, and of course all that remained of the collection after the compensation was paid was the property of the Commonwealth." The constitutionality of the Act was not attacked in that case undoubtedly for the reason that the question may not be considered an open one under numerous decisions of this Court arising under Article III, Section 13, and Article XIV, Section 5, which declares that in counties containing over one hundred and fifty thousand inhabitants all county officers shall be paid salaries, and all fees which they may be authorized to receive shall be paid into the treasury of the county or state, as may be directed by law.

Since *Philadelphia v. Martin,* 125 Pa. 583, 17 A. 507, whenever the question has arisen, this Court has consistently held that a county officer, acting for the Commonwealth in the collection of its revenues, does not act in his capacity as a public officer, but as an agent or employe of the Commonwealth performing distinct and separate functions. The most recent in a long line of cases dealing with the subject is *Hadley's Case,* 336 Pa. 100, 6 A. 2d 874, where the same argument now advanced was made against the Act of April 8, 1937, P. L. 256, 16 PS 1465, terminating the right of treasurers in counties of the first class to retain fees for the collection of certain taxes, etc., as agents of the Commonwealth, while continuing their duties as such agents. This Court, in an opinion by Mr. Justice DREW, held the act constitutional, saying, pp. 105, 106: "The designation of the City or county treasurer by the legislature as agent of the Commonwealth for the collection of certain taxes and fees is not the creation of a public office within the meaning of Article III, section 13, but is merely the establishment of an agency which the legislature may at any time modify or revoke . . . There is no relation whatsoever between the election to a city

or county office and the express designation of that officer as a state agent, whose activities are solely statutory and entirely divorced from the functions of the office to which he was elected . . . [To hold otherwise] would produce the result that a public officer during his term could not possibly be designated agent of the Commonwealth and be paid commissions upon fees collected by him in the course of such agency, since such appointment would involve a prohibited increase of his emoluments." See also *Knisely v. Cotterel*, 196 Pa. 614, 46 A. 861; *Philadelphia v. McMichael*, 208 Pa. 297, 57 A. 705; *Luzerne County v. Morgan*, 263 Pa. 458, 107 A. 17; *Com. ex rel. Kelly v. Marinelli*, 330 Pa. 82, 198 A. 623. The court below rightly decided, therefore, that the Constitution has not been violated.

The regularity of the procedure followed in making the resettlements may not now be questioned by appellant. If he considered himself aggrieved by anything done or omitted in the making of the resettlements, The Fiscal Code, Act of April 9, 1929, P. L. 343, as amended, provided a full and complete remedy. Registers of wills are required to make monthly returns of the taxes collected, which returns are then settled by the Department of Revenue and transmitted to the Auditor General for audit and approval as in the case of tax settlements. The subsequent procedure is the same as in the case of tax settlements, but a final discharge cannot be granted until the accounts and dockets of the officer have been audited by the Department of the Auditor General: sections 608, 901, 902, 72 PS 608, 901, 902. If the register is dissatisfied, a remedy is provided, first, by petition for resettlement, second, by petition for review by the Board of Finance and Revenue, and, third, by appeal to the Dauphin County Court: sections 1102, 1103, 1104, 72 PS 1102, 1103, 1104. The Commonwealth averred, and it was not denied, that monthly settlements were made and appellant did not petition for the resettlement of any such settlement or petition for the review of any

of the resettlements made pursuant to section 905, 72 PS 905, which provides that upon auditing the accounts and dockets of the officer for any period, the Auditor General shall furnish to the Department of Revenue a detailed report of any errors or discrepancies in the monthly reports for the same period, and provides for a resettlement by the Department of Revenue, subject to the approval of the Auditor General, reserving to the officer the right to petition for a review of any such resettlement and thereafter to appeal as in other cases. Failing to pursue the statutory remedies available to him, appellant has lost by his own inaction the right to complain that any of the settlements or resettlements were not properly and regularly made: *Turco Paint & Varnish Co. v. Kalodner*, 320 Pa. 421, 430, 184 A. 37; *Dougherty's Appeal*, 321 Pa. 170, 183 A. 920; *Pittsburgh School District v. E. S. S. Land Co.*, 140 Pa. Superior Ct. 590, 595, 14 A. 2d 619.

Appellant does not argue the validity of the alleged oral agreement entered into with the then Auditor General, in December, 1937, but contends that the existence of such agreement exonerates him from paying interest on the moneys retained. In *Commonwealth v. Philadelphia City and County*, 157 Pa. 558, 27 A. 553, under somewhat similar circumstances, it was held that there was no such detention as warranted the imposition of penalties in the shape of increased interest, and the judgment was modified by this Court to provide for interest at the rate of six per cent instead of twelve per cent. More recently, in *Com. ex rel. Duff v. McCloskey*, supra, where the excess commissions were retained on the advice of counsel, because of doubt as to whether the money belonged to the Commonwealth or the County of Philadelphia, we concluded, p. 560, that "the learned court below did not err in . . . entering judgment . . . with no interest or Attorney General's commission." Since the case arises on preliminary objections to the amended answer, and the averments with

respect to the alleged oral agreement must be taken to be true, the judgment should be modified to provide for interest at the legal rate of six per cent instead of at the rate of twelve per cent on the amounts of excess commissions shown to be due the Commonwealth by the several resettlements, and as so modified the judgment will be affirmed.

The judgment is modified to provide for interest at the rate of six per cent per annum on the amounts of excess commissions shown to be due the Commonwealth by the several resettlements, from fifteen days after the respective dates thereof, instead of at the rate of twelve per cent per annum, and as so modified the judgment is affirmed.