## Payments from Local Inheritance Tax Collections

754

RALPH S. SNYDER, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, December 10, 1957.—You have requested advice from this department concerning the interpretation of the Act of July 8, 1919, P. L. 782, sec. 1, as last amended by the Act of May 23, 1945, P. L. 866, 72 PS §2482, which provides as follows:

"All clerks, appraisers, investigators and other persons required to assist any register of wills, in any county of the Commonwealth, in collecting and paying over inheritance taxes shall be appointed and their compensation fixed by the Secretary of Revenue, and, upon his approval and order, shall be paid out of the said taxes in the hands of the registers, together with other necessary expenses incident to the collection of such taxes, including the payment of the cost of the premium on bonds filed by registers with the Department of Revenue."

Specifically, you ask whether, under this statute, you may pay out of local inheritance tax collections for the following three items:

1. Furniture and office equipment used by local Department of Revenue Transfer Inheritance Tax personnel;

2. Where necessary, compensation paid to counsel assisting in the collection of the tax;

3. Compensation paid to a small State-wide management staff to supervise and assist all local transfer inheritance tax personnel in the collection of inheritance taxes.

We will discuss these questions seriatim.

1. The department ruled negatively on this question by letter of advice dated July 28, 1952, which had as its basis two prior rulings, informal opinion no. 369 and a letter of advice from former Attorney General Schnader, both of which construed the mercantile license tax.*

The mercantile license tax was collected at the local level as is the inheritance tax, but the former within its framework contained no procedure whereby the compensation paid to clerks, appraisers, etc. *"together with other necessary expenses incident to the collection of such taxes"* was to be paid out of the funds in the hands of the local register of wills. Unquestionably, the method of payment of the costs of collection of inheritance taxes is a departure from existing procedure as directed by law pertaining to the expenditure of State funds, pursuant to an appropriation by the legislature. Yet the specific nature of the legislative treatment of this question indicates that its purpose was definite. Any analogy to the mercantile license tax situation thus seems inapposite.

In the earlier letter of advice on this subject which concluded that these expenditures could not be paid out of local tax collections, it was said that "only expenses incurred by the register of wills which are not capital expenditures, but which are expenses of a recurring nature . . . are properly deductible from such tax collections." We fail to see that the prohibition

---

* Repealed by the Act of May 7, 1943, P. L. 237.

against capital expenditures as enunciated in that letter comes within the purview of the broad language of the act here under discussion.

There are no cases to aid us in the construction of the statute. We, therefore, have ascribed to the legislature the accepted meaning of the words contained therein.

The following definitions are found in Webster's New International Dictionary, second edition:

Expense—". . . outlay; cost or money paid out . . ."

Necessary—"1. A thing that is necessary or indispensable to some purpose; something that one cannot do without; a requisite; an essential."

Incident—"5. Law: Dependent on, or appertaining to, another thing (the principal); directly and immediately pert. to, or involved in, something else, though not an essential part of it."

In view of the broad definition of these words by the legislature, we conclude that the purchase of furniture and office equipment is a necessary expense incident to the collection of inheritance taxes. Therefore, it follows that payment for such purchases approved by the Secretary of Revenue can be made out of local tax collections subject to the following two conditions: (1) That such purchases may only be made through the Department of Property and Supplies in accordance with the provisions of The Administrative Code of 1929, and (2) that such equipment be for use only by local tax personnel, not including the register of wills or members of his staff.

2. The second question asks whether the payment of compensation for attorneys necessarily assisting in the collection of inheritance taxes may be made from local tax collections according to this section.

An examination of the statute indicates within its framework that it establishes two classes of expenditures: (a) Those dealing with compensation, and (b)

those other "necessary expenses incidental" to the collection of the tax.

Logically, and in view of the fact that this question deals with compensation, we believe that we must analyze the question in the light of the category dealing with compensation rather than the second category, i.e. the necessary expenses incidental to the collection of the tax. There are two reasons why we must conclude negatively on this question.

1. Clerks, appraisers and investigators are in themselves a group of persons immediately *concerned with the administration of the tax act,* as distinguished from attorneys who are not. We think that the phrase "other persons" would exclude attorneys for that reason. The ejusdem generis rule of construction aids us in this conclusion. See Endlich on the Interpretation of Statutes, sec. 405.

2. The Administrative Code of April 9, 1929, P. L. 177, art. IX, sec. 902, 71 PS §292, provides:

"The Department of Justice shall have the power, and its duty shall be: . . .

"(b) To *supervise, direct* and *control* all of the legal business of every administrative department, board, and commission of the State Government." (Italics supplied.).

Section 903, 71 PS §293 provides:

"The Department of Justice shall have the power, and its duty shall be: . . .

"(b) *To represent the Commonwealth, or any department, board, commission, or officer thereof, in any litigation* to which the Commonwealth or such department, board, commission, or officer, may be a party, or in which the Commonwealth or such department, board, commission, or officer, is permitted or required by law to intervene or interplead." (Italics supplied.).

Section 906, 71 PS §296 provides:

"In addition to such deputy attorneys general as may be appointed to assist in the conduct of the regular work of the department, the Attorney General, with the approval of the Governor, shall have power: . . .

"(b) From time to time appoint and fix the compensation of special deputy attorneys general, and special attorneys, to represent the Commonwealth, or any department, board, or commission thereof, in special work or in particular cases.

"(c) To appoint and fix the compensation of deputy attorneys general, to represent the Commonwealth, and the several departments, boards, and commissions thereof, in all legal matters arising in any city or county, other than the State capital, except as otherwise provided in this act: Provided, That the same deputy attorney general may be assigned to two or more cities or counties in the discretion of the Attorney General."

The Administrative Code further provided in section 512, 71 PS §192:

"*It shall be unlawful* for any department, board, commission, or officer, of the Commonwealth, to engage any attorney to represent such department, board, commission, or officer, in any matter or thing relating to the public business of such department, board, commission, or officer, *without the approval in writing of the Attorney General.*" (Italics supplied.)

From an examination of these statutes, we believe that, notwithstanding the expression in section 512 which is negative and is merely exculpatory, the appointment of special attorneys or special deputies is vested solely in the Attorney General. *The act now in question in no way refers to the Attorney General, but, seemingly, confines itself to the field wherein the Secretary of Revenue can legally operate so far as appointment is concerned.* This leads us to the conclusion that

the act cannot be speaking of attorneys in using the phrase "other persons."

For these reasons, then, we conclude that the compensation of attorneys cannot be included as a deduction from local tax collections in the hands of registers of wills.

3. The third question deals with whether you may pay out of inheritance tax collections in the hands of the register of wills the cost of maintaining a state-wide management staff to assist the local personnel in the collection of such tax.

Once again, the broad scope of the act is decisive of the question. In reaching our conclusion, we take note of the fact that the transfer inheritance tax has grown in importance as a source of revenue to this Commonwealth, and that, with such growth, the need for greater uniformity and control has become manifest. The many problems that present themselves to the local tax collector dictate that some supervision of the individual registers, appraisers, etc., be established so as to insure uniformity in the administration of the act. We believe that the establishment of a State-wide staff would assist in reaching such a goal, inasmuch as such a staff will "assist" the register of wills, who acts as the agent of the Commonwealth (Commonwealth ex rel. Duff v. Huston, 361 Pa. 1, 61 A. 2d 831 (1948)), in the collection of inheritance taxes.

In order to conform to the act, we further conclude that expenses incurred in accordance with this opinion must be computed and allocated proportionately to the several registers of wills. Such an allocaton might be obtained by the use of a fraction, the numerator of which is the local tax collections of a register of wills for a given period and the denominator the total tax collections of resident decedents

throughout the Commonwealth for the same period. This same fraction could then be applied to the total expense of the maintenance of the staff. The product would be the amount chargeable to each local tax collection.

If the method of allocation in the preceding paragraph were established, the method of payment of the management staff creates a further problem. Since this management staff will be appointed by the Secretary of Revenue and will work out of Harrisburg assisting all of the registers of wills throughout the State, it is presumed that they will be paid by the Department of Revenue in Harrisburg. This will require that the sum derived as a result of the allocation provided for herein be forwarded to Harrisburg and deposited in a fund for the purpose of making payment to the staff.

We hold that you may, providing some sort of an allocation be established in a manner indicated herein, spend local inheritance tax collections for the maintenance of a State-wide supervisory staff.

To summarize the conclusions reached herein:

1. You may pay for furniture and office equipment needed by local inheritance tax personnel from funds received by the register of wills resulting from inheritance taxes;

2. You may not pay from such funds for the services of counsel who assist in the collection of inheritance taxes;

3. You may maintain a central staff and pay therefor out of such funds in the hands of the local register of wills if such staff assists the register of wills in the collection of inheritance taxes, provided that an allocation of the expense of such a staff be made to each register of wills throughout the Commonwealth.